OPINION
{¶ 1} Plaintiff-appellant, Dan Purdy, appeals the decision of the Clermont County Court of Common Pleas, Domestic Relations Division, dividing assets in a divorce proceeding. We affirm the domestic court's decision.
 {¶ 2} In July 1985, appellant married defendant-appellee, Barbara Purdy. In April 2000, appellant filed for a divorce in the domestic court. After several hearings, a magistrate issued a decision dividing the parties' assets. Appellant timely filed objections to the magistrate's decision. However, appellant did not file a transcript of the proceedings before the magistrate within the time required by local court rules. The relevant local rule required the filing of the transcript within 30 days of the filing of objections to the magistrate's decision.
 {¶ 3} In August 2002, the domestic court overruled appellant's objections to the magistrate's decision due to appellant's failure to file a transcript in accordance with local court rules and Civ.R. 53(E)(3). The court subsequently adopted the magistrate's decision.
 {¶ 4} Appellant now appeals the domestic court's decision overruling his objections and adopting the magistrate's decision. Appellant assigns five errors. For purposes of convenience, we will address appellant's assignments of error out of order.
 {¶ 5} Assignment of Error No. 2:
 {¶ 6} "The trial court abused its discretion in overruling husband's motion to vacate the decision overruling husband's objections and for extension of time to file the transcript and to order the transcript of proceedings to be paid for from husband's funds held by the court-appointed receiver."
 {¶ 7} In this assignment of error, appellant argues that the domestic court should have granted his Civ.R. 60(B) motion to vacate the court's decision overruling his objections to the magistrate's decision. Appellant argues that he showed "excusable neglect" for failing to timely file the transcript of the proceedings before the magistrate.
 {¶ 8} On motion and upon such terms as are just, a court may relieve a party from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged; or (5) any other reason justifying relief from the judgment. GTE Automatic, Elec., Inc. v. ARC Industries,Inc. (1976), 47 Ohio St.2d 146, 150; Civ.R. 60(B).
 {¶ 9} A reviewing court will not reverse a grant or denial of Civ.R. 60(B) relief absent a finding of an abuse of discretion. See id. at 148. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. The Ohio Supreme Court has stated that the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B). GTE Automatic, 47 Ohio St.2d at 153.
 {¶ 10} Loc.R. 5.2(E) of the Clermont County Domestic Relations Court provides in relevant part as follows:
 {¶ 11} "The parties have an affirmative duty to ensure that the transcript [of a hearing before a magistrate] is prepared and delivered to the Court. Transcripts not received within thirty days from the filing of objections will not be considered, unless an extension of time to file the transcript has been requested and granted."
 {¶ 12} The record shows that appellant timely filed objections to the magistrate's decision on June 26, 2002. However, appellant did not provide the court with a transcript within the 30-day period specified in Loc.R. 5.2(E). The court overruled appellant's objections on August 22, 2002 on the basis that appellant failed to file a transcript. A motion for extension of time to file a transcript was filed, but not until September 3, 2002, more than 60 days after appellant filed objections to the magistrate's decision and after the domestic court had overruled the objections. Appellant filed a motion to vacate the court's decision, which was subsequently denied.
 {¶ 13} In support of his motion to vacate the domestic court's August 22, 2002 decision, appellant's attorney stated that she was "out of town" from July 4 through July 23 and was "unable to resolve the transcript issue prior to her departure." Appellant's attorney also stated that she "inadvertently failed to calendar the 30-day deadline for filing a motion for extension of time to file the transcript." Finally, appellant's attorney stated that she was very busy when she returned due to "trial commitments" and "unexpected emergencies in existing cases."
 {¶ 14} We find that the domestic court did not abuse its discretion by determining that the above reasons failed to constitute "excusable neglect." Appellant further argues that the court should have made him aware of the lack of transcript before ruling, or that the court should have paid for the transcript out of appellant's funds held by a court-appointed receiver. However, Loc.R. 5.2(E) clearly places the burden on the party to ensure that a transcript is filed. The rule does not place any burden on the court to notify parties of this requirement, or to otherwise ensure that a transcript is filed.
 {¶ 15} Accordingly, the domestic court did not abuse its discretion in denying appellant's motion to vacate the August 22, 2002 decision. Appellant's second assignment of error is overruled.
 {¶ 16} Assignment of Error No. 3:
 {¶ 17} "The trial court erred as a matter of law in determining the value of the premarital portion of Husband's Ford Motor Company SSIP and in dividing that asset in a way that required husband's share to solely absorb the impact of negative market conditions on the value after the date of the decision."
 {¶ 18} In this assignment of error, appellant argues that the domestic court erred in valuing the premarital portion of his Savings and Stock Investment Plan ("SSIP"). According to appellant, the court erred by failing to require the presentation of additional evidence after the evidence initially presented by the parties was insufficient to establish the value of the premarital portion. Further, appellant argues that the court erred in relying on appellee's expert.
 {¶ 19} The trial court is vested with broad discretion in fashioning an equitable division of marital property. Donovan v. Donovan
(1996), 110 Ohio App.3d 615, 620. When valuing an asset, a trial court is neither required to use a particular valuation method nor precluded from using any method. Clymer v. Clymer (Sept. 21, 2000), Franklin App. No. 99AP-924, citing James v. James (1995), 101 Ohio App.3d 668, 681. A trial court's valuation will not be reversed absent an abuse of discretion. Id.
 {¶ 20} We first note that we do not have the benefit of a transcript of the proceedings before the magistrate. As earlier noted, the transcript was not filed timely in accordance with local court rules and was therefore not before the domestic court when it made its decision. As an appellate court, we are precluded from considering evidence not before the trial court when reviewing a magistrate's decision adopted by the trial court. Schneider v. Schneider (Jan. 22, 2001), Butler App. No. CA2000-05-089, citing State ex rel. Duncan v.Chippewa Twp. Trustees, 73 Ohio St.3d 728, 730, 1995-Ohio-272.
 {¶ 21} According to the magistrate's decision, each party presented expert testimony regarding the value of the premarital portion of appellant's SSIP. The magistrate noted that appellant's expert "did not break the account down into the four components and look at the growth rate of each component." Rather, appellant's expert used a "life of the fund" average to project the value of the premarital portion. The magistrate noted that appellee's expert, a CPA, did break the account down into its four components: (1) the Ford Company Stock component; (2) the Ford Common Stock component; (3) the Current Interest Fund component; and (4) the Income component. Appellee's expert analyzed the growth rates of each of these components to determine how much the value of the premarital portion increased since the commencement of the marriage.
 {¶ 22} Viewing the magistrate's decision without the aid of a transcript, we find no abuse of discretion. The magistrate simply chose to accept the testimony of appellee's expert rather than the testimony of appellant's expert. Given the credentials, methodology, and analysis of appellee's expert, the magistrate found the testimony of appellee's expert more convincing. Appellee's expert did state that the Ford Company Stock component was a "dividend reinvestment fund," and that he did not include investment attributable to the premarital shares of Company Stock in his analysis. However, without a transcript, the record is insufficient to show that accepting the testimony of appellee's expert amounted to an abuse of discretion. The record does not explain how the dividend reinvestment feature of the fund worked, or how it affected the premarital value of the SSIP.
 {¶ 23} Appellant also argues that the magistrate committed a legal error by valuing the premarital portion of the SSIP as of December 31, 2000, rather than March 22, 2000, the termination date of the marriage. The magistrate noted that neither party presented evidence of the value as of March 22, 2000. Appellant's expert valued the premarital portion as of December 31, 1999, while appellee's expert valued the premarital portion as of December 31, 2000. Because the magistrate found the valuation of appellee's expert to be more accurate, the magistrate valued the premarital portion as of December 31, 2000. Appellant argues that the magistrate should have required the parties to present additional evidence as to the valuation on March 22, 2000.
 {¶ 24} After reviewing appellant's objections to the magistrate's decision, we find that appellant did not raise this issue involving the valuation date in his objections. Therefore, he waived the issue on appeal. Civ.R. 53(E)(3)(d); Schneider v. Schneider (Jan. 22, 2001), Butler App. No. CA2000-05-089.
 {¶ 25} Even if appellant had not waived this issue, we would find no abuse of discretion by the magistrate in valuing the premarital portion as of the later date. Appellant cites no legal authority for his assertion that the magistrate was required to elicit further testimony. Further, the fact that the court chose a date other than the marriage termination date was in part due to appellant's own failure to present a valuation as of the marriage termination date. The magistrate noted that appellant had instructed his expert to calculate the value of the SSIP's premarital portion only through 1999. Under these circumstances, we find no abuse of discretion.
 {¶ 26} Assignment of Error No. 4:
 {¶ 27} "The trial court abused its discretion in the division of husband's defined benefit retirement plan by requiring husband to elect his benefits in the form of a reduced 50% joint and survivor annuity in the event that the plan did not allow wife's one-half share to be based on her life expectancy."
 {¶ 28} In this assignment of error, appellant argues that the domestic court erroneously divided his defined benefit retirement plan. Appellant argues that the court inequitably forced him to elect his benefits in the form of a joint and survivor annuity "without providing any set-offs for the reduction in benefits" he would receive during his life.
 {¶ 29} The trial court is vested with broad discretion in establishing an equitable division of marital property. Donovan v.Donovan (1996), 110 Ohio App.3d 615, 620. A reviewing court may modify a property division only if it finds that the trial court abused its discretion in dividing the property. Goswami v. Goswami,152 Ohio App.3d 151, 2003-Ohio-803, at ¶ 19; Cherry v. Cherry
(1981), 66 Ohio St.2d 348, 355.
 {¶ 30} Regarding appellant's defined benefit retirement plan, the magistrate stated the following in her opinion:
 {¶ 31} "The form of benefit elected by [appellee] is to be based on the life expectancy of [appellee]. Any actuarial adjustment that might be necessary to convert [appellee's] benefits based on her lifetime should be applied to her share of the benefits. In the event that the Plan does not permit this Separate Interest QDRO, then the form of payments payable to [appellee] shall be based on the life expectancy of [appellant] * * * and [appellant] shall be required to elect his benefits in the form of a reduced 50 percent joint and survivor annuity in order to provide [appellee] with post-retirement survivorship protection."
 {¶ 32} Again, we note that we do not have the benefit of viewing the transcript of the magistrate's proceedings. Viewing the magistrate's decision alone, we find no abuse of discretion. We find the magistrate's decision dividing appellant's retirement plan to be equitable. Such a division ensures that the benefits appellee receives under the plan will not cease if she outlives appellant. The fact that the court did not grant appellant any set-off in order to achieve this equitable division is not an abuse of discretion.
 {¶ 33} Accordingly, appellant's fourth assignment of error is overruled.
 {¶ 34} Assignment of Error No. 5:
 {¶ 35} "The trial court erred as a matter of law in finding the value of the batavia signing bonus to be $12,999.00 when it was only $12,666.00 and then awarding wife 50% of the erroneous amount."
 {¶ 36} In this assignment of error, appellant argues that the domestic court "committed a computational error that erroneously benefited" appellee. Appellant argues that the marital portion of the signing bonus to be divided was clearly $12,666, not $12,999 as the magistrate found.
 {¶ 37} After reviewing the magistrate's decision, we find it clear that the magistrate made a minor mathematical error in dividing the ZF Batavia signing bonus. The magistrate determined that the total amount of the signing bonus was $19,000, paid in three equal installments of $6,333.33. The magistrate determined that two of the installments were marital assets to be divided. However, the court credited appellant with $12,999.99, rather than $12,666.66, the sum of the two installments. Therefore, appellant was mistakenly credited with an additional $333.33.
 {¶ 38} Accordingly, we sustain appellant's fifth assignment of error. We modify the domestic court's judgment entry to reflect that the amount of the ZF Batavia bonus for division is $12,666.66.
 {¶ 39} Assignment of Error No. 1:
 {¶ 40} "The trial court erred as a matter of law in overruling husband's objections on the grounds that said objections are to the factual findings and that husband failed to file a transcript."
 {¶ 41} In this assignment of error, appellant argues that he made objections to the magistrate's decision as to both legal and factual issues. Appellant argues that the domestic court should have addressed the merits of the objections related to legal issues instead of overruling all of his objections. In this assignment of error, appellant mentions two alleged legal errors that he claims the court could have reviewed: (1) "[t]he appropriateness of not adding [appellant's] health insurance to line 20 of the [child support] worksheet," and (2) [t]he appropriateness of valuing a vehicle as of a date other than the date of valuation selected by the Magistrate for the valuation of all vehicles."
 {¶ 42} We find no abuse of discretion by the domestic court in overruling appellant's objections to the magistrate's decision. As to the court not adding appellant's health insurance payment to line 20 of the child support worksheet, it appears that this was done because appellee was going to pay for the children's health insurance. Appellee's column on the child support worksheet includes $770 on line 20 for health insurance. Viewing the magistrate's decision without the aid of a transcript, we see no legal error that the domestic court could have found.
 {¶ 43} As to the valuation of vehicles, appellant stated in his objections that the domestic court erred in valuing the parties' 1999 Ford Windstar. Appellant argued that the court erred in accepting the wife's testimony as to its value over his own testimony as to its value. Appellant further argued that the court should have valued the Windstar as of a later date. We note that the date the magistrate used as the date of valuation is unclear from the magistrate's decision. We find that the Windstar valuation issue is clearly a factual issue that must be supported by the filing of a transcript. See Civ.R. 53(E)(3)(c). Viewing the magistrate's decision without the aid of a transcript, we see no legal error that the domestic court could have found.
 {¶ 44} Accordingly, we find no abuse of discretion by the domestic court in overruling appellant's objections and adopting the magistrate's decision. Appellant's first assignment of error is overruled.
 {¶ 45} In sum, we overrule appellant's first, second, third, and fourth assignments of error. We sustain appellant's fifth assignment of error and modify the domestic court's judgment entry to reflect that $12,666.66 is the amount of appellant's ZF Batavia signing bonus for division.
 {¶ 46} Judgment affirmed as modified.
Valen, P.J., and Young, J., concur.