[Cite as *Singh v. Wadhwa*, 2013-Ohio-3997.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

KULWINDER SINGH,                      :

    Plaintiff-Appellee,              :            CASE NO.   CA2013-02-009

                      :            O P I N I O N
  - vs -                                            9/16/2013

                      :

DAVNEET KAUR WADHWA,                   :

    Defendant-Appellant.             :


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 11DR35141


Fred Miller, 246 High Street, Hamilton, Ohio 45011, for plaintiff-appellee

Manisha Kotian, 9200 Montgomery Road, Suite 15A, Cincinnati, Ohio 45242, for plaintiff-appellee

Charleston C.K. Wang, 6924 Plainfield Road, Cincinnati, Ohio 45236, for defendant-appellant


      **HENDRICKSON, P.J.**

      {¶ 1}   Defendant-appellant, Davneet Kaur Wadhwa (Wife), appeals from a judgment entry and final decree of divorce entered by the Warren County Court of Common Pleas, Domestic Relations Division, which ordered plaintiff-appellee, Kulwinder Singh (Husband), to pay $1,500 a month in spousal support for two years to Wife.  For the reasons discussed

below, we affirm the judgment of the trial court.

{¶ 2} Husband and Wife were married on April 28, 2002 in New Delhi, India. Two children were born of the marriage in India. In 2008, the family moved to the United States in conjunction with Husband's employment with Siemens PLM Software Company. Husband has an L-1A nonimmigrant classification, which allows an intracompany transfer of an executive or manager from a company's affiliated foreign offices to one of its offices in the United States. Wife and the couple's two children have an L-2 derivative nonimmigrant status, which allows them to live in the United States while Husband is employed as an L-1A employee.

{¶ 3} Husband's salary from his position with Siemens is $96,599.88. Wife, a stay-at-home mother, has no income. Furthermore, under Wife's current immigration status, she is unable to work as she has not received work authorization from the government.[1]

{¶ 4} Husband and Wife separated in August 2010. Husband filed a complaint for divorce on November 23, 2011, and temporary orders for spousal support and child support were ordered. Pursuant to these orders, Husband was to pay Wife $475 a month for spousal support and $1,304.92 a month for child support.

{¶ 5} A final divorce hearing was held on August 3, 2012 and September 20, 2012 before a magistrate. On October 10, 2012, the magistrate issued a decision recommending, in relevant part, that a divorce be granted, that Wife retain the children's passports, and that Husband be ordered to pay spousal support in the amount of $1,500 a month for a period of 24 months, effective November 1, 2012. In ordering spousal support, the trial court

---

1. Spouses of L-1 workers may apply for work authorization by filing a Form-765, Application for Employment Authorization. *See* U.S. Citizenship and Immigration Services, *L-1A Intracompany Transferee Executive or Manager: Family of L-1 Workers,*
http://www.uscis.gov/portal/site/uscis/menuitem.eb1d4c2a3e5b9ac89243c6a7543f6d1a/?vgnextoid=64d34b65be f27210VgnVCM100000082ca60aRCRD&vgnextchannel=64d34b65bef27210VgnVCM100000082ca60aRCRD (accessed Aug. 23, 2013). There is no indication in the record that as of the final divorce hearing, Wife had applied for or had received employment authorization.

specifically held that it would "retain jurisdiction over the amount and the term of spousal support due to the uncertain immigration circumstances of the parties and Wife's uncertain employment status."

{¶ 6} On October 24, 2012, Husband filed an objection to the magistrate's decision, arguing that the magistrate erred in recommending that Wife retain the children's passports. On November 5, 2012, Wife also filed objections to the magistrate's decision, arguing that the recommended amount and duration of spousal support was insufficient to meet her needs and, therefore, was an abuse of discretion. On November 16, 2012, Wife filed a request with the trial court asking that the court require Husband to order the transcript of the final divorce hearing or, alternatively, grant her additional time to obtain the transcript and waive the fee necessary to obtain the transcript.[2]

{¶ 7} On November 21, 2012, the trial court issued a decision on the parties' objections. At this time, neither party had requested or filed a transcript of the final divorce hearing. In its decision overruling the parties' objections, the court stated, "[w]ithout a transcript, this Court is unable to make a factual determination pertaining to either party's objections. This Court finds that both [Husband] and [Wife] failed to file a transcript of the hearing before the Magistrate, and this Court adopts the Magistrate's Decision without further consideration." On January 7, 2013, the trial court filed its judgment entry and final decree of divorce.

{¶ 8} Wife now appeals, raising two assignments of error for review.

{¶ 9} Assignment of Error No. 1:

---

2. Wife did not file a motion seeking additional time to obtain the transcript and have the fee waived. Rather, in her November 16, 2012 "[Wife's] Rebuttal to [Husband's] Objection to Magistrate's Decision," Wife "pray[ed] the court to extend to [Wife] additional time to obtain the transcript and to waive the fee necessary to obtain the transcript" if the court did not require Husband to order the transcript. Wife has not appealed the trial court's denial of her request for additional time to obtain a copy of the transcript.

{¶ 10} THE TRIAL COURT ERRED IN DENYING [WIFE'S] REQUEST THAT [HUSBAND] ORDER AND FILE THE TRIAL TRANSCRIPTS.

{¶ 11} In her first assignment of error, Wife contends the court erred in denying her request that Husband order and pay for a copy of the transcript of the final divorce hearing. Wife contends it was Husband's duty to file a praecipe for transcript as he was the first party to file an objection to the magistrate's decision. In support of her argument, Wife relies on Local Rule 3.12 of the Warren County Court of Common Pleas, Division of Domestic Relations. Wife further argues that Husband should have been ordered to obtain and pay for the transcript as he is financially solvent, whereas she is unemployed and without the funds to obtain the transcript.

{¶ 12} Wife's November 16, 2012 request that the trial court require Husband to order the final divorce hearing transcript was not expressly ruled upon by the trial court prior to the court's decision overruling the parties' various objections to the magistrate's decision. Therefore, Wife's request is presumed to have been denied. *See Bank of Am., N.A. v. Singh*, 12th Dist. Butler No. CA2012-07-146, 2013-Ohio-1305, ¶ 23; *Choate v. Tranet, Inc.*, 12th Dist. Warren No. CA2003-11-112, 2004-Ohio-3537, ¶ 60.

{¶ 13} We find no error in the trial court's denial of Wife's request. Civ.R. 53(D)(3)(b)(iii) provides, in relevant part, that "[a]n objection to a factual finding * * * shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. * * * *The objecting party shall file the transcript * * * with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause*." (Emphasis added.) Furthermore, Loc.R. 3.11(B) of the Warren County Court of Common Pleas, Division of Domestic Relations, provides that "[i]f *a party* intends to object to a Magistrate's decision pursuant to Civ.R. 53 on the basis that a finding or conclusion is

unsupported by the evidence or is contrary to the evidence, *that party* shall provide a transcript of all evidence relevant to such findings or conclusions." (Emphasis added.) To obtain a transcript of the proceedings, the objecting party must comply with Loc.R. 3.12(A), which provides:

> At the time of filing objections to a Magistrate's decision * * * the party shall also file a praecipe (DR Form 5) with the Clerk of Courts, requesting a transcript. *The party filing the praecipe shall also mail a copy of the praecipe to the opposing party* and submit a copy to the Domestic Relations Office. The Domestic Relations clerk shall deliver the praecipe to the appropriate transcriptionist who shall then notify the requesting party or attorney of the estimated cost of the transcript. The entire cost estimate of the transcript shall be paid to the transcriptionist within seven (7) days of the filing of the praecipe. Transcripts will not be prepared without payment of the cost estimate. If objections are filed and if no payment is received within that seven-day period, the transcriptionist shall notify the Judge who may then proceed to rule upon the objections.

(Emphasis added.)

{¶ 14} Both the Civil Rules of Procedure and the trial court's Local Rules provide that *the objecting party* is responsible for filing a transcript of the proceedings. Contrary to Wife's assertions, the rules do not specify that it is the "first" objecting party's responsibility to file the transcript. Rather, any party objecting to the magistrate's decision on the basis that a finding or conclusion is unsupported by the evidence or is contrary to law bears the burden of supplying the transcript to the trial court. *See* Civ.R. 53(D)(3)(b)(iii); Loc.R. 3.11(B). When Wife realized Husband was not going to have the transcript prepared, which she was on notice of as she did not receive a copy of a praecipe requesting such transcript, she should have taken the steps necessary to obtain a copy of the transcript herself. The trial court was under no obligation to ensure that a transcript was filed or to order Husband to prepare a copy of the transcript, regardless of whether or not Husband was financially more solvent than Wife. *See Purdy v. Purdy*, 12th Dist. Clermont No. CA2002-11-089, 2003-Ohio-7214, ¶

14 (finding that where the local rules of the court place the burden on the parties to ensure that a transcript is filed, the trial court is not under any duty to notify the parties of such a requirement or to otherwise ensure that a transcript is filed).

{¶ 15} Accordingly, we find no error in the trial court's denial of Wife's request that Husband be required to prepare and file the transcript of the final divorce hearing. Wife's first assignment of error is, therefore, overruled.

{¶ 16} Assignment of Error No. 2:

{¶ 17} THE TRIAL COURT ERRED IN ORDERING SPOUSAL SUPPORT THAT IS INADEQUATE.

{¶ 18} In her second assignment of error, Wife argues the trial court erred in adopting the magistrate's recommendation for spousal support as both the amount and duration of the award are insufficient to meet her needs. Wife argues the trial court did not give sufficient consideration to her immigration status in fashioning the amount or duration of spousal support. Wife seeks to have the award of spousal support modified from $1,500 a month for a period of 24 months to $2,500 a month for a minimum duration of 10 years.

{¶ 19} As stated above, Civ.R. 53(D)(3)(b)(iii) requires that a party objecting to a factual finding support the objection with a transcript of all evidence or with an affidavit of the evidence. The duty to provide a transcript or affidavit rests with the party objecting to the magistrate's decision. Civ.R. 53(D)(3)(b)(iii); *Herbert v. Herbert*, 12th Dist. Butler No. CA2011-07-132, 2012-Ohio-2147, ¶13; *Ragins v. Dains*, 10th Dist. Franklin No. 12AP-124, 2012-Ohio-5089, ¶ 7. "[W]hen an objecting party fails to file a transcript with the objections, the court is 'free to adopt the magistrate's findings without further consideration of the objections.'" *Herbert* at ¶ 14, quoting *Stevens v. Stevens*, 12th Dist. Warren Nos. CA2009-02-028 and CA2009-06-073, 2010-Ohio-1104, ¶ 23. "In such circumstances, the trial court is limited to examining only the magistrate's conclusions of law and recommendations and has

the discretion to adopt the factual findings of the magistrate." *Id.*, citing *Bartlett v. Sobetsky*, 12th Dist. Clermont No. CA2007-07-085, 2008-Ohio-4432, ¶ 9. As Wife did not file a transcript of the final divorce hearing with the trial court, the trial court was entitled to accept the magistrate's factual findings. *See id.* at ¶ 16.

{¶ 20} Furthermore, although the transcript of the final divorce hearing is included in the record on appeal, when reviewing a magistrate's decision that was later adopted by the trial court, an appellate court is "precluded from considering evidence not before the trial court." *Finkelman v. Davis*, 12th Dist. Butler No. CA2003-07-173, 2004-Ohio-3909, ¶ 6. "A reviewing court cannot add matter to the record before it, which was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." (Internal quotations omitted.) *Herbert* at ¶ 15, quoting *Stevens* at ¶ 24. Rather, where a transcript is not filed with the trial court, an appellate court's review is limited to a determination of whether the trial court abused its discretion in applying the law to the magistrate's factual findings. *Essary v. Essary,* 12th Dist. Warren No. CA2001-11-101, 2002-Ohio-4486, ¶ 14.

{¶ 21} In this case, the magistrate's decision clearly indicated that the magistrate had "reviewed the evidence in light of the factors set forth in Ohio Revised Code §3105.18" before fashioning an award of spousal support in the amount of $1,500 a month for a period of 24 months. Specifically, the magistrate's decision indicated the magistrate "focused on the length of the marriage, the respective incomes and earning abilities of the parties, the parties' expenses, and the tax consequences of an award * * * [as well as] *the unique aspects of this case involving the various immigration issues and Wife's current inability to work given [her] current immigration status.*" (Emphasis added.) Because it lacked a transcript of the hearing before the magistrate, the trial court was entitled to presume that the magistrate considered all relevant testimony and exhibits in making its spousal support determination, including whether the award was adequate to meet Wife's needs given her immigration status.

Accepting the magistrate's factual findings on this issue, we find that the trial court did not abuse its discretion in determining that the magistrate's recommended spousal support award was appropriate.

**{¶ 22}** We further note that the trial court retained jurisdiction over the amount and term of spousal support "due to the uncertain immigration circumstances of the parties and Wife's uncertain employment status." If Wife's circumstances change, as contemplated by R.C. 3105.18(F), Wife is certainly entitled to seek a modification of spousal support.

**{¶ 23}** Wife's second assignment of error is, therefore, overruled.

**{¶ 24}** Judgment affirmed.

S. POWELL and PIPER, JJ., concur.