[Cite as *Wilcox v. Wilcox*, 2018-Ohio-3642.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| SARA N. WILCOX (BUTTS) | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| GRANT T. WILCOX | : | Case No. 17-CA-90 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Domestic Relations Division,
                             Case No. 2015 DR 00574

JUDGMENT:                    Dismissed

DATE OF JUDGMENT:            September 7, 2018

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

SARA N. BUTTS                             ERIC J. ALLEN
9268 Mulberry Road                        4605 Morse Road
Mount Perry, OH  43760                    Suite 201
                                          Gahanna, OH  43230

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant, Grant T. Wilcox, appeals the November 13, 2017 judgment entry of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division, denying his motion for reconsideration. Plaintiff-Appellee is Sara N. Wilcox (Butts).

## FACTS AND PROCEDURAL HISTORY

{¶ 2} The parties were granted a divorce on March 23, 2017. One child was born as issue of the marriage. Appellee was named the residential parent and sole legal custodian and guardian of the minor child.

{¶ 3} On April 21, 2017, appellee filed an ex parte motion for change of parenting time, claiming appellant consumed alcohol in excess during his assigned parenting time with the child. On April 28, 2017, appellant filed a motion to modify the divorce decree by increasing his parenting time. Appellant also requested that appellee be found in contempt for denying parenting time to his mother-supervisor on the child's birthday.

{¶ 4} A hearing before a magistrate was held on May 4, 2017. By order filed May 8, 2017, the magistrate temporarily modified appellant's parenting time to supervised visitation at the Close to Home Supervised Visitation Center.

{¶ 5} The magistrate held a final hearing on the motions on July 26, 2017. By decision filed September 27, 2017, the magistrate granted appellee's motion and modified appellant's parenting time to occur at the Close to Home Supervised Visitation Center. The magistrate denied appellant's motion to increase his parenting time and his request to find appellee in contempt. On same date, the trial court approved and adopted the magistrate's decision, and noticed the parties of their right to file objections.

{¶ 6}   On October 9, 2017, appellant requested a transcript and an extension to file objections to the magistrate's decision.  By judgment entry filed October 11, 2017, the trial court found the certificate of service did not contain a date of service and ordered appellant to correct the defect by October 20, 2017.  The trial court stated failure to do so would result in a denial of any extension.  The trial court went on to grant appellant an extension until fourteen days within preparation of the transcript if the transcript is requested and the deposit is paid by October 25, 2017, and the final cost of the transcript is paid within two weeks of it being prepared.

{¶ 7}   On October 31, 2017, the trial court filed a judgment entry wherein it found appellant had requested and paid the deposit for a transcript in a timely manner, but had failed to correct the service defect.  As a result, the trial court denied appellant's request for an extension of time to file objections.  The trial court went on to find that appellant had until October 16, 2017 to file objections and that date had passed.

{¶ 8}   On November 9, 2017, appellant filed a motion for reconsideration of the October 31, 2017 judgment entry, claiming the trial court permitted appellee to file objections on a separate matter without a proper proof of service.  By judgment entry filed November 13, 2017, the trial court denied the motion to reconsider and struck appellee's objections for failure to properly provide a proof of service.

{¶ 9}   On November 14, 2017, appellant filed a motion for reconsideration nearly identical to the November 9, 2017 motion.  By judgment entry filed November 16, 2017, the trial court denied the motion.

{¶ 10} On November 30, 2017, appellant filed an appeal on the trial court's November 13, 2017 judgment entry denying his first motion for reconsideration. This matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 11} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION FOR RECONSIDERATION."

I

{¶ 12} In his sole assignment of error, appellant claims the trial court erred in denying his motion for reconsideration. We find we do not have jurisdiction to address the merits of appellant's assignments of error. Appellant did not timely file his objections to the magistrate's decision pursuant to Civ.R. 53(D)(3)(b)(i), nor did he file a timely appeal pursuant to App.R. 4(A).

{¶ 13} Pursuant to Civ.R. 53(D)(3)(b)(i), "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." If no objections are timely filed, App.R. 4(A) provides that a party may file a notice of appeal within thirty days after the trial court enters its judgment adopting the magistrate's decision.

{¶ 14} In this case, the magistrate filed her decision on September 27, 2017. The trial court approved and adopted the decision on the same date, and noticed the parties as follows:

The parties have a right to file objections to the Magistrate's decision pursuant to the Notice to Parties attached to the decision. If either party files timely objections to the decision, the objections shall act as an automatic stay of the execution of this Judgment Entry. * * * The party intending to file objections shall file a general objection; a motion, with proposed Order, to extend the time for filing supplemental objections; and a request for a transcript. Filing only a request for a transcript and a request to extend time to file objections shall not stay the execution of this Judgment Entry.

{¶ 15} On October 9, 2017, appellant filed a request to prepare transcript. On same date, appellant filed a request for an extension to file objections. The certificates of service were improperly executed. By judgment entry filed October 11, 2017, the trial court ordered appellant to correct the defect on the extension request by October 20, 2017. Appellant did not do so. By judgment entry filed October 31, 2017, the trial court found appellant failed to certify that appellee had been served a copy of the motion and therefore denied the extension request. As noted by the trial court, the trial court "waited an additional ten (10) days to see if the Defendant would correct the defect after the deadline had lapsed. No such action was taken." The trial court went on to find that appellant had until October 16, 2017 to file objections and that day had already passed.[1]

---

[1]We note the trial court entered its ruling after or on the thirtieth day for appellant to have filed an appeal of the trial court's September 27, 2017 judgment entry depending on whether a three day extension was warranted under Civ.R. 6(D). However, appellant could have filed a general objection as instructed by the trial court which would have

{¶ 16} Without timely objections to the magistrate's decision, the trial court's September 27, 2017 judgment entry remained in effect.  Appellant did not file an appeal of the trial court's September 27, or October 31, 2017 decisions pursuant to App.R. 4(A), but instead filed a motion to reconsider on November 9, 2017, the denial of which is what appellant appealed.

{¶ 17} "The Ohio Rules of Civil Procedure do not provide for motions for reconsideration, therefore such motions are considered a nullity." *McCullough v. Catholic Diocese of Columbus,* 5th Dist. Fairfield No. 99CA77, 2000 WL 329658, *1 (Mar. 13, 2000), citing *Pitts v. Department of Transportation,* 67 Ohio St.2d 378, 423 N.E.2d 1105 (1981).  *Accord Merkle v. Merkle,* 5th Dist. Licking No. 13-CA-31, 2014-Ohio-81; *Primmer v. Lipp,* 5th Dist. Fairfield No. 02-CA-94, 2003-Ohio-3577.  "It follows that a judgment entered on a motion for reconsideration is also a nullity and a party cannot appeal from such a judgment." *McCullough,* citing *Kauder v. Kauder,* 38 Ohio St.2d 265, 313 N.E.2d 797 (1974); *Primmer* at ¶ 7.

{¶ 18} Because appellant appealed the trial court's denial of his motion for reconsideration which is a nullity, we lack jurisdiction to entertain appellant's appeal.

---

stayed the execution of the judgment or could have corrected the defect which he chose not to do.

{¶ 19} Accordingly, the appeal is dismissed.

By Wise, Earle, J.

Wise, John, P.J. and

Gwin, J. concur.

EEW/db 827