[Cite as *Smith v. Smith*, 2018-Ohio-4179.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| JILL SMITH, | : | CASE NO. CA2018-02-004 |
| Plaintiff-Appellant, | : | O P I N I O N<br>10/15/2018 |
| | : | |
| - vs - | : | |
| | : | |
| JAMES SMITH, | : | |
| Defendant-Appellee. | : | |

APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR20140056

Timothy R. Dougherty, 1308 West Mound Street, Columbus, OH 43223-2246, for plaintiff-appellant

James Smith, 398 Meadcrest Court, Westerville, OH 43082, pro se

**M. POWELL, J.**

{¶ 1} Plaintiff-appellant, Jill Smith ("Mother"), appeals a decision of the Madison County Court of Common Pleas, Domestic Relations Division, awarding defendant-appellee, James Smith ("Father"), a $3,200 credit toward his child support obligation.

{¶ 2} The parties were married in September 2002 and subsequently dissolved their marriage on June 2, 2014. They have two children, born in 2004 and 2007.

Incorporated into the dissolution decree was the parties' separation agreement. Among the issues addressed by the separation agreement were the disposition of the parties' marital home and custody and child support for the children. Specifically, the parties were to sell the marital home and Mother was to retain the entire net sale proceeds. Mother was designated as the children's residential parent and legal custodian and Father was ordered to pay child support.

{¶ 3} Regarding child support, the separation agreement stated that pursuant to child support guidelines, Father would be required to pay $913.97 per month for both children. The separation agreement provided, however, that

> after a review of the statutory factors, the parties have agreed that due to Father's in-kind contributions that child support shall be deviated to $600. Therefore, Father's child support is deviated to $350.00. The parties adopt the separate Findings of Fact and Conclusions of Law as fully written herein.

The separation agreement did not identify Father's "in-kind contributions."

{¶ 4} The June 2, 2014 dissolution decree incorporated the separate agreement. Findings of fact and conclusions of law filed with the dissolution decree provided that

> The parties agreed that it is in the best interest of the minor children that the guideline child support be deviated for the following reasons:
>
> a. Other court-ordered payments. The parties are equally dividing the cost of child care, uninsured medical expenses, school fees, and extracurricular activities for the minor children.
>
> Upon consideration of the above factors and [R.C.] 3119.23 the guideline amounts above are unjust and inappropriate and it would be in the best interest of the minor children Father's child support * * * be deviated to a total of $350.00 per month (which is for both children)[.]

{¶ 5} The separation agreement further provided, "This Agreement contains the entire understanding of the Parties. There are no representations, warranties, covenants,

or undertakings other than those expressly set forth herein. The Agreement shall be a full and complete settlement of all * * * property rights between the Parties[.]"

{¶ 6} On the same day Mother signed the separation agreement, but prior to signing, she also signed the following "note" in favor of Father:

> I Jill Smith will repay James Smith his share of the proceeds from the sale of the joint [marital] property * * * should I file for increase child support if I quit or lose my job due to negligence or poor work performance. Repayment of $23,000 shall be given to James Smith within 30 days of such filing.

The "note" is not referred to in the separation agreement and was not incorporated in the dissolution decree.

{¶ 7} In September 2016, Mother filed a motion requesting guideline child support and other child-related relief. In response, Father moved to dismiss Mother's motion for guideline child support, arguing that "[t]he parties agreed in the Separation Agreement that Father's in-kind contributions militated for a deviation in the child support. Father agreed to give [Mother] his share of the equity in the house in the amount of $23,000.00. That share of equity was part of his in-kind contribution. (See Exhibit A)." Exhibit A is the "note" referred to above. Father further moved for Mother to pay $23,000 to him pursuant to the "note" "which * * * represents Father's share of equity in the marital residence which equity he surrendered to Mother at the time of the divorce." A hearing on the motions was held before a magistrate on June 2, 2017.

{¶ 8} By decision filed on November 9, 2017, the magistrate found that the "note" was not enforceable because it was superseded by the separation agreement, and consequently denied Father's motion that Mother be ordered to pay the "note." The magistrate further granted Mother's motion for guideline child support and ordered Father to pay $918.57 per month in child support. The magistrate then considered whether Father

was entitled to a deviation in child support in light of his in-kind contributions.[1]

**{¶ 9}** The magistrate first noted Mother's testimony that "the $23,000.00 of home equity [Father] gave her in the divorce was part of what they considered to be in-kind contributions towards the [initial] child support deviation," and Father's testimony he had made "additional in-kind contributions totaling approximately $20,000.00 per year" between 2014 and 2017.

**{¶ 10}** In considering Father's in-kind contributions, the magistrate "accept[ed] the parties' assertion that the $23,000.00 in home equity granted to [Mother] in the dissolution was meant by them to be an in-kind contribution towards the child support deviation." The magistrate then noted that at the time of the dissolution decree, guideline child support was approximately $900 per month, "or $10,800.00 per year. [Father] has paid $4,200.00 per year pursuant to the deviation, for a difference of approximately $6,600.00 per year."

**{¶ 11}** The magistrate then found that "the initial $23,000.00 equity from the marital residence" and Father's additional in-kind contributions did not constitute "significant in-kind contributions" under R.C. 3119.23, and thus that Father was not entitled to a deviation in child support under R.C. 3119.22, because

> Though the parties agreed that [Mother] should have $23,000.00 from the home equity to support the deviation, the deviation has already amounted to $19,800.00 benefit to [Father]. * * * The Court does not find that the additional in-kind contributions asserted by [Father] are substantial enough to support continuing the deviation given the [over $150,000 combined] income of the parties.

The magistrate did not allocate the $3,200 balance between Father's in-kind contribution of his $23,000 equity in the marital home and the $19,800 benefit he received from paying

---

1. In her decision, the magistrate noted the parties' acknowledgment at the hearing that the motions before the magistrate were related to child support modification and the "note."

deviated child support for three years.[2]

{¶ 12} Both parties filed objections to the magistrate's decision. Neither party filed a transcript of the hearing in support of their objections. Mother objected to the magistrate's decision to retain Father's right of first refusal relating to visitation with the children. Father objected to the magistrate's modification of his child support obligation. Specifically, Father challenged the magistrate's failure to credit the $3,200 balance as an in-kind contribution toward his new child support obligation.

{¶ 13} On January 4, 2018, the trial court overruled Mother's objection and sustained Father's objection as follows:

> The Magistrate's Opinion clearly indicates that the parties agreed that the $23,000.00 [Mother] received from the house was considered to be an in-kind contribution. There is no factual dispute. The Magistrate properly applied this factual determination to her decision. [Father] objects * * * that $3,200.00 has not yet been credited as an in-kind contribution against the new child support Order[.] The Court finds that [Father's] Objection is well-taken[.]

{¶ 14} Continuing, the trial court held that "the Magistrate's application of the facts and the law was appropriate and that the Magistrate correctly determined that the bulk of the $23,000.00 figure had in fact been consumed by three years of deviations in child support obligations. However, the Court [agrees] that $3,200.00 remains to be credited to [Father]." Consequently, the trial court adopted the magistrate's decision but ordered that Father receive a $3,200 credit toward his guideline child support obligation, to wit, against any child support arrearages or future child support payments until the $3,200 balance "no longer exists."

{¶ 15} Mother now appeals, raising two assignments of error.

---

2. As stated above, the magistrate noted that between 2014 and 2017, Father paid $4,200 per year in child support pursuant to the deviation, rather than the guideline child support of $10,800 per year, for a difference of approximately $6,600 per year. $6,600 per year benefit in deviated child support multiplied by three years equals $19,800.

{¶ 16} Assignment of Error No. 1:

{¶ 17} THE TRIAL COURT ERRED AWARDING AN IN-KIND CONTRIBUTION OF $3,200.00 TO APPELLEE JAMES SMITH WHEN THE PARTIES' SEPARATION AGREEMENT, INCORPORATED INTO THE DECREE OF DISSOLUTION, PRECLUDES THE COURT FROM EVER CONSIDERING THE MATTER. THERE IS NO BASIS IN FACT OR LAW FOR THE COURT TO CONSIDER.

{¶ 18} Mother argues that the trial court erred in finding that Father was entitled to a credit for in-kind contributions in excess of the benefit he received from the child support deviation based upon the "note." Mother asserts that the magistrate and the trial court had no authority to consider the "note" regarding her motion for guideline child support, and Father was precluded from raising the issue, because the "note" was neither in the parties' separation agreement nor in the dissolution decree and was not the reason why Father's child support obligation was deviated between 2014 and 2017.

{¶ 19} As stated above, although both parties filed objections to the magistrate's decision, neither party filed a transcript of the hearing before the magistrate or an affidavit of the evidence in support of their objections. *See* Civ.R. 53(D)(3)(b)(iii). The duty to provide a transcript or affidavit rests with the party objecting to the magistrate's decision. *Singh v. Wadhwa*, 12th Dist. Warren No. CA2013-02-009, 2013-Ohio-3997, ¶ 19. Failure to submit a transcript or affidavit restricts the scope of review at both the trial court and appellate levels and "renders any review of the magistrate's factual findings impossible because the reviewing court does not have before it the evidence the magistrate relied on to make the factual findings." *Bonn v. Bonn*, 10th Dist. Franklin No. 14AP-967, 2015-Ohio-3642, ¶ 25.

{¶ 20} Consequently, in the absence of a transcript or affidavit, the trial court must accept the magistrate's factual findings and limit its review to the magistrate's legal

conclusions. *Id.* On appeal of a judgment rendered without the benefit of a transcript or affidavit, an appellate court only considers whether the trial court correctly applied the law to the facts as set forth in the magistrate's decision. *Id.* *See also Levy v. Seiber*, 12th Dist. Butler Nos. CA2015-02-019, CA2015-02-021, and CA2015-02-030, 2016-Ohio-68; *Van Dress Law Offices Co., L.L.C. v. Dawson*, 8th Dist. Cuyahoga No. 105189, 2017-Ohio-8062; and *In re Estate of Stanford*, 2d Dist. Montgomery No. 23249, 2010-Ohio-569.

{¶ 21} As stated above, the magistrate held that the "note" was unenforceable. Based upon the parties' testimony, and with no reference to the "note," the magistrate found that the $23,000 home equity granted to Mother in the dissolution was meant by the parties to be Father's in-kind contributions toward the initial child support deviation. Absent a transcript or affidavit, the trial court had no basis to disagree with the magistrate's findings of fact, and expressly stated, "[t]here is no factual dispute."

{¶ 22} The magistrate further found that Father had received a $19,800 benefit in deviated child support, leaving an unallocated balance of $3,200. Finding that the magistrate had "correctly determined that the bulk of the $23,000.00 figure had in fact been consumed by three years of child support deviation," the trial court sustained Father's objection and, with no reference to the "note," ordered that Father receive a $3,200 credit toward his new child support obligation. Absent a transcript or affidavit, our review is solely limited to whether the trial court correctly applied the law to the facts set forth in the magistrate's decision. We find no error in the trial court's decision. The $3,200 credit against guideline child support awarded to Father by the trial court was not based upon the "note" but upon Ohio's child support statute. In essence, the trial court simply continued the deviated child support until the sum of $3,200 was exhausted, at which time Father's new guideline child support obligation will begin.

{¶ 23} Mother's first assignment of error is overruled.

{¶ 24} Assignment of Error No. 2:

{¶ 25} THE APPELLANT IS ENTITLED TO REASONABLE ATTORNEY FEES FOR THE CONTINUED PROSECUTION AND DEFENSE OF THIS "EXHIBIT A."

{¶ 26} Mother argues she is entitled to reasonable attorney fees "for having to continue to defend the continued prosecution of [Father's] misleading pleadings." Mother's assignment of error refers to a motion for reconsideration she filed after the trial court upheld the magistrate's decision. The motion for reconsideration challenged Father's "misleading pleadings" and its reliance on the "note" and sought attorney fees "for having to defend the prosecution of Father's actions." The trial court never ruled upon the motion.

{¶ 27} It is well-established that motions for reconsideration of a final judgment in the trial court are a nullity not contemplated by the Ohio Civil Rules. *Pitts v. Dept. of Transp.*, 67 Ohio St. 2d 378, 381 (1981); *Vilardo v. Sheets*, 12th Dist. Clermont No. CA2005-09-091, 2006-Ohio-3473, ¶ 35; *Hodges v. Hodges*, 12th Dist. Butler No. CA96-10-207, 1997 Ohio App. LEXIS 2227, *3-4 (May 27, 1997). Because the trial court's January 4, 2018 entry was a final judgment, Mother's motion for reconsideration was a nullity and the trial court was without power to entertain it. *Perez v. Angell*, 10th Dist. Franklin No. 07AP-37, 2007-Ohio-4519, ¶ 7.

{¶ 28} Mother's second assignment of error is overruled.

{¶ 29} Judgment affirmed.

RINGLAND, J., and PIPER, J., concur.