[Cite as *In re P.K.*, 2022-Ohio-1630.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| IN RE: | : | CASE NO. CA2021-06-032 |
| P.K. | : | O P I N I O N |
| . | | 5/16/2022 |
| | : | |
| | : | |
| | : | |
| | : | |

APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 16 JG 22900

Stagnaro Hannigan Koop Co., LPA, and Michaela N. Stagnaro, for appellant.

McCaslin, Imbus & McCaslin, LPA, and Christina S. Yager, for appellee.

**M. POWELL, P.J.**

{¶ 1} Appellant ("Father") appeals a decision of the Clermont County Court of Common Pleas, Juvenile Division, reiterating its original ruling that a shared parenting plan signed by the parties and filed with the juvenile court was not adopted as a court order.

{¶ 2} Father and appellee ("Mother") are the parents of a teenage child. The parties were never married but lived together until 2016. On May 3, 2016, Father filed a complaint for custody of the child. Subsequently, each party filed a proposed shared parenting plan.

On January 31, 2017, a magistrate issued a decision addressing shared parenting and setting forth a parenting schedule. Father filed objections to the magistrate's decision. On October 25, 2017, the juvenile court issued a decision and judgment entry on Father's objections (the "October 25, 2017 order"), adopting Father's proposed shared parenting plan with changes set forth in the magistrate's decision. The juvenile court ordered Father to "submit a revised shared parenting plan to the Court in accordance with the stipulations and agreements of the parties, the Magistrate's Decision, and the decision rendered herein. The revised plan shall be submitted for the Court's approval by November 17, 2017."

{¶ 3} On November 17, 2017, counsel for Father and Mother jointly filed a revised shared parenting plan (the "November 2017 SPP") with the juvenile court. The November 2017 SPP was signed by both parties and their counsel. The juvenile court never journalized a final shared parenting decree which incorporated the November 2017 SPP.

{¶ 4} In December 2017, Mother filed a contempt motion against Father alleging he had violated the November 2017 SPP. At a March 2018 hearing on the motion, the parties and the juvenile court proceeded as though the November 2017 SPP was the parenting plan in effect. On March 26, 2018, the juvenile court found that Father did not violate the November 2017 SPP and was therefore not in contempt.

{¶ 5} Between May 2018 and March 2019, Father and Mother filed multiple contempt motions against one another, alleging violations of the November 2017 SPP. On March 29, 2019, the juvenile court issued an entry stating, "The Court's Order of October 25, 2017 shall be the parenting time order that will be followed" at an upcoming contempt hearing on June 14, 2019. Father moved to terminate the November 2017 SPP.

{¶ 6} During the June 14, 2019 contempt hearing, an issue arose as to whether the November 2017 SPP was effective; the hearing was continued for the juvenile court to make a determination. Father subsequently filed a brief, asking the juvenile court to recognize

the validity and enforceability of the November 2017 SPP. Mother moved to terminate shared parenting and for sole custody of the child.

{¶ 7} On August 27, 2019, the juvenile court issued a judgment entry (the "August 2019 judgment entry") rejecting Father's argument that the November 2017 SPP was the order governing parental rights and responsibilities:

> The court having reviewed the file and the arguments of counsel finds that the order of October 25, 2017 is the last journalized order of this court. [Father] argues * * * that a proposed but never signed or journalized entry submitted on November 17, 2017 should control. The court does not agree with this position.
>
> IT IS THEREFORE ORDERED that the court's order of October 25, 2017 is and will continue to be the point of reference for this matter until further order[s] are rendered."

{¶ 8} In June 2020, Father moved the juvenile court to reconsider its August 2019 judgment entry and for an evidentiary hearing on the matter. An evidentiary hearing on Father's motion for reconsideration was held in March 2021. On May 28, 2021, the juvenile court issued a judgment entry (the "May 2021 judgment entry") upholding its August 2019 judgment entry and reiterating that the court's October 25, 2017 order, not the November 2017 SPP, was the order governing parental rights and responsibilities:

> The issue before the court is central to the multiple allegations of contempt of court which have been filed regarding the parenting time schedule submitted to the court in November 2017 but never journalized. It is clear that both parties at some point thought that parenting plan was the order of the court, but it never was. The court speaks through its journal and the plan was not journalized. In fact, the court has previously ruled on this matter, finding that the parenting plan that now is in effect is the one from October 2017, not the one Father wishes the court to enforce. That is still the view of this court.
>
> [I]t is not possible to be held in contempt of a court order that does not exist. The court finds, again, that the proposed shared parenting plan was not a court order and that therefore whoever is alleged to be in contempt of it may have departed from an agreement between the parties but not a court order.

{¶ 9} Father now appeals, raising one assignment of error:

{¶ 10} THE TRIAL COURT ERRED AS A MATTER OF LAW IN DETERMINING THAT THE REVISED SHARED PARENTING PLAN, FILED ON NOVEMBER 17, 2017, WAS NOT A VALID ENFORCEABLE ORDER OF THE COURT.

{¶ 11} Father argues the juvenile court erred in finding that the November 2017 SPP is not a valid enforceable order of the court. Father asserts that although the juvenile court never journalized the November 2017 SPP, it nevertheless approved and adopted it as a journalized court order by citing the November 2017 SPP and interpreting its language during the March 2018 contempt hearing and in its March 26, 2018 judgment entry.

{¶ 12} We find we lack jurisdiction to address the merits of Father's assignment of error.

{¶ 13} It is well established that a motion to reconsider a final judgment in the trial court is a nullity not contemplated by the Ohio Civil Rules. *Smith v. Smith*, 12th Dist. Madison No. CA2018-02-004, 2018-Ohio-4179, ¶ 27. Moreover, a trial court's judgment entered upon a motion for reconsideration is also a nullity and a party cannot appeal from such a judgment. *Genhart v. David*, 7th Dist. Mahoning No. 10 MA 144, 2011-Ohio-6732, ¶ 12; *Wilcox v. Wilcox*, 5th Dist. Licking No. 17-CA-90, 2018-Ohio-3642, ¶ 17.

{¶ 14} The threshold question is whether the juvenile court's August 2019 judgment entry was a final appealable order. R.C. 2505.02 sets forth several types of final appealable orders. As pertinent here, R.C. 2505.02(B)(2) provides that an "order that affects a substantial right made in a special proceeding" is a final appealable order. *Wilhem-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, ¶ 5. A "special proceeding" is "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). "Proceedings in the juvenile division, including parentage actions, are special statutory proceedings[.]" *State*

- 4 -

*ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 360, 1994-Ohio-302; *In re T.M.*, 12th Dist. Madison Nos. CA2006-01-001 and CA2006-01-004, 2006-Ohio-6548, ¶ 16; *Genhart* at ¶ 13. A "substantial right" is a legal right enforced and protected by law. *In re T.M.* at ¶ 17. "[P]arental custody of a child is an important legal right protected by law and, thus, comes within the purview of a 'substantial right' for purposes of applying R.C. 2505.02." *In re Murray*, 52 Ohio St.3d 155, 157 (1990).

{¶ 15} The juvenile court's August 2019 judgment entry determined that the court's October 25, 2017 order was the last journalized order of the court and was therefore *the* order of the court governing the allocation of parental rights and responsibilities. As such, the juvenile court's August 2019 judgment entry was an order made in a special proceeding that had a conclusive effect on the substantial rights of the parties. The August 2019 judgment entry was therefore a final appealable order. It follows that Father's motion to reconsider the August 2019 judgment entry was a nullity and the juvenile court was without power to entertain it. *Smith*, 2018-Ohio-4179 at ¶ 27. Moreover, because Father appealed the juvenile court's denial of his motion for reconsideration, which is a nullity, we lack jurisdiction to entertain Father's appeal. *Wilcox*, 2018-Ohio-3642 at ¶ 18.

{¶ 16} Appeal dismissed.

HENDRICKSON and PIPER, JJ., concur.