[Cite as *Frisby v. Solberg*, 2016-Ohio-7644.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| TERI R. FRISBY, | : | CASE NO. CA2015-11-204 |
| Plaintiff-Appellant, | : | |
| | : | O P I N I O N<br>11/7/2016 |
| - vs - | : | |
| | : | |
| JAMES SOLBERG, et al., | : | |
| Defendants-Appellees. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2013-11-3181


The Law Offices of Jason A. Showen, LLC, Jason Showen, 324 East Warren Street, Lebanon, Ohio 45036, for appellant

David Chicarelli Co., LPA, David Chicarelli, 614 East Second Street, Franklin, Ohio 45005, for appellees


**S. POWELL, J.**

{¶ 1} Plaintiff-appellant, Teri R. Frisby, appeals from the decision of the Butler County Court of Common Pleas granting a judgment in favor of defendants-appellees, Elizabeth and James Solberg. For the reasons outlined below, we affirm as modified.

{¶ 2} This case involves a dispute regarding a contractual agreement between the parties for the purchase, repair, and resell of antique motorcycles and motorcycle parts. The

Solbergs argued that the parties entered into a partnership for this business venture where they would be paid for the work completed on the motorcycles and motorcycle parts and split the profits with Frisby once they were sold. On the other hand, Frisby denied that any partnership was ever established. Instead, Frisby argued that she merely agreed to pay the Solbergs for the parts and work necessary to have the motorcycles repaired, splitting any proceeds from the sale of unused parts, but not the motorcycles themselves. The matter ultimately proceeded to a bench trial where the trial court heard testimony from both Frisby and the Solbergs.

{¶ 3} Following the bench trial, the trial court granted judgment to the Solbergs upon finding "there was a discernable and enforceable oral agreement between [Frisby] and [the Solbergs] whereby the acts of both parties reveal a clear intent to be bound via contract and partnership." As part of this decision, the trial court noted the evidence indicating Frisby had offered a witness $30,000 to testify on her behalf. Although Frisby claimed she was drunk when making such an offer, as well as when she discussed creating a partnership with the Solbergs, the trial court determined that Frisby's testimony "ha[d] no credibility." The trial court then awarded damages to the Solbergs in the amount of $107,520.07.

{¶ 4} Frisby now appeals from the trial court's decision, raising four assignments of error for review. For ease of discussion, Frisby's third and fourth assignments of error will be addressed together.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FINDING THE EXISTENCE OF A CONTRACT BETWEEN APPELLANT AND THE APPELLEES.

{¶ 7} In her first assignment of error, Frisby argues the trial court's decision finding the parties had entered into an oral contract and partnership agreement was against the

manifest weight of the evidence. We disagree.

{¶ 8} "The standard of review for a manifest weight challenge in a civil case is the same as that applied to a criminal case." *Dunn v. Clark*, 12th Dist. Warren No. CA2015-06-055, 2016-Ohio-641, ¶ 8. In considering a manifest weight challenge, "the reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *Schneble v. Stark*, 12th Dist. Warren Nos. CA2011-06-063 and CA2011-06-064, 2012-Ohio-3130, ¶ 67, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). A judgment will not be reversed as being against the manifest weight of the evidence where the "judgment is supported by some competent, credible evidence going to all essential elements of the case." *Ashburn v. Roth*, 12th Dist. Butler Nos. CA2006-03-054 and CA2006-03-070, 2007-Ohio-2995, ¶ 26, citing *C.E. Morris Co. v. Foley Const. Co.*, 54 Ohio St.2d 279 (1978), syllabus. In making this determination, an appellate court generally must defer to the trier of fact on issues of credibility. *Ohio Valley Associated Bldrs. & Contrs. v. Rapier Elec., Inc.*, 12th Dist. Butler Nos. CA2013-07-110 and CA2013-07-121, 2014-Ohio-1477, ¶ 32.

{¶ 9} In order to establish a breach of contract claim, a plaintiff must prove (1) the existence of a contract, (2) plaintiff fulfilled its contractual obligations, (3) defendant failed to fulfill its contractual obligations, and (4) plaintiff incurred damages as a result. *Underwood v. Boeppler*, 12th Dist. Butler No. CA2014-02-055, 2015-Ohio-156, ¶ 13. The essential elements of a contract include an offer, acceptance, contractual capacity, consideration, a manifestation of mutual assent, and legality of object and consideration. *Artisan Mechanical Inc. v. Beiser*, 12th Dist. Butler No. CA2010-02-039, 2010-Ohio-5427, ¶ 26. "Mutual assent or 'a meeting of the minds' means that both parties have reached an agreement on the

contract's essential terms." *Nguyen v. Chen*, 12th Dist. Butler No. CA2013-10-191, 2014-Ohio-5188, ¶ 43, citing *Id.* at ¶ 27. The essential terms of a contract include the identity of the parties to be bound, the subject-matter of the contract, the consideration to be exchanged, and the price to be paid. *Turner v. Langenbrunner*, 12th Dist. Warren No. CA2003-10-099, 2004-Ohio-2814, ¶ 13.

{¶ 10} An oral contract may be enforceable when the terms of the agreement are sufficiently particular. *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, ¶ 15. "Terms of an oral contract may be determined from the parties' words, deeds, and acts, as well as their silence." *A N Bros. Corp. v. Total Quality Logistics, L.L.C.*, 12th Dist. Clermont No. CA2015-02-021, 2016-Ohio-549, ¶ 26. However, seldom, if ever, does the evidence establishing an oral contract present its terms in the exact words of offer and acceptance found in formal written contracts. *Depompei v. Santabarbara*, 8th Dist. Cuyahoga No. 101163, 2015-Ohio-18, ¶ 22. Rather, the goal in enforcing oral contracts is to hold people to the promises they make. *Id.* "In a bench trial, the trial court, as the trier of fact, must resolve any evidentiary conflict surrounding disputed provisions of an oral contract." *Ford v. Van Stop, Inc.*, 12th Dist. Butler No. CA98-03-064, 1998 WL 904677, *2 (Dec. 30, 1998).

{¶ 11} Although faced with conflicting testimony, the record nevertheless contains competent and credible evidence to support the trial court's finding that the parties entered into an oral contract and partnership agreement for the purchase, repair, and resale of antique motorcycles and motorcycle parts. Just as the trial court found, the record indicates that both parties referred to their business venture as a partnership and acknowledged the roles of each party within the partnership. Mrs. Solberg even testified that Frisby asked her and her husband on more than one occasion to "go into a partnership" where they would "put the bikes back together" and then sell them and "split the profit." Mr. Solberg also testified that a partnership was created where they agreed to split the profits of the motorcycles he

restored and repaired.

{¶ 12} However, just like the trial court, what we find most significant is the handwritten note prepared by Frisby that explicitly states her partners, the Solbergs, "have ownership of half of every and all the bikes and parts" at issue. The same handwritten note also states that the Solbergs "know my wishes for any money that my half of the proceeds of this partnership may produce." This note was signed by both Frisby and the Solbergs. Although Frisby attempted to explain away the significance of this note, as well as the fact that she offered a witness $30,000 to testify on her behalf, the trial court, as the trier of fact, was well within its bounds to find Frisby's testimony regarding her business relationship with the Solbergs lacked all credibility. Therefore, because we find the trial court's decision was supported by competent and credible evidence, Frisby's first assignment of error lacks merit and is overruled.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE TRIAL COURT ERRED BY NOT OFFSETTING AND/OR MITIGATING APPELLANT'S DAMAGES, ASSUMING ARGUENDO THAT A BREACH OF CONTRACT OCCURRED.

{¶ 15} In her second assignment of error, Frisby argues the trial court erred by failing to offset and/or mitigate the $107,520.07 in damages awarded to the Solbergs. We agree in part.

{¶ 16} The measure of damages in a contract action is the amount necessary to place the non-breaching party in the position he or she would have been in had the breaching party fully performed under the contract. *Baird v. Crop Prod. Servs., Inc.*, 12th Dist. Fayette Nos. CA2011-03-003 and CA2011-04-005, 2012-Ohio-4022, ¶ 24. "Where the amount of the award of damages is in dispute, as long as competent, credible evidence supports the award, the decision of the trier of fact may not be overturned on appeal." *Macdonald v. Authentic*

*Invests., L.L.C.*, 10th Dist. Franklin No. 15AP-801, 2016-Ohio-4640, ¶ 40.

{¶ 17} According to Frisby, the trial court failed to consider approximately $70,000 in "equitable offsets" in awarding the Solbergs $107,520.07 in damages. In support of this claim, Frisby argues the trial court erred by awarding the Solbergs' damages to compensate them for the (1) items they traded in order to obtain the necessary engine repair equipment and tools they valued at $25,215, as well as the (2) $1,980 they spent on a trailer to store the motorcycles and parts on their property they now valued at minimum of $1,200. Frisby also claims it was error for the trial court not to offset the (3) $20,000 in cash payments she allegedly made to the Solbergs for parts and work done on the disputed property, the (4) $15,000 in payments she claims to have made by check to the Solbergs for repairs made to the disputed property, and the (5) $1,112.63 payment she made to the Solbergs to reimburse them for purchasing certain items at auction. Lastly, Frisby claims it was error for the trial court to include as damages the (6) $6,005 in labor costs Frisby claims the Solbergs requested for "work on other personal property."

{¶ 18} After a thorough review of the record, we find no error in the trial court's decision not to offset the $20,000 in cash payments Frisby allegedly made to the Solbergs for parts and work done on the disputed property, the $15,000. payments she claims to have made by check to the Solbergs for parts and repairs made to the disputed property, or the $6,005 in labor costs requested by the Solbergs for additional unpaid work done on the disputed property, as Frisby failed to prove these monies were actually paid to the Solbergs or that they were paid in order to fully compensate the Solbergs in accordance with the parties' partnership agreement. In reaching this decision, we again note that the trial court found Frisby's testimony lacked all credibility. The Solbergs are entitled to be reimbursed for the parts they purchased and compensated for the work they completed. This amount should not be offset from the Solbergs' damages award.

{¶ 19} However, as it relates to the check for $1,112.63 Frisby wrote to reimburse the Solbergs for purchasing certain parts at auction, we find the trial court erred by not offsetting this amount. Although there is some conflicting testimony, the record indicates Frisby paid that amount to the Solbergs to reimburse them for making some of these purchases. In fact, when specifically asked about the $1,112.63 check written by Frisby to Mrs. Solberg, Mrs. Solberg testified that "it would appear that [Frisby] reimbursed me." This amount should be offset from the Solbergs' damages award.

{¶ 20} Furthermore, as it relates to the items the Solbergs traded in order to obtain the necessary engine repair equipment and tools the Solbergs valued at $25,215, as well as the trailer the Solbergs purchased now valued at a minimum of $1,200, because the Solbergs still own and intend to use this property, we find the trial court erred by not offsetting the Solbergs' damages award by an additional $26,415. By providing such an offset, this places the Solbergs in the same position they would have been had Frisby fully performed under the contract. To hold otherwise would allow the Solbergs to retain and use this property essentially for free. This amount should also be offset from the Solbergs' damages award.

{¶ 21} In light of the foregoing, finding the trial court erred by not offsetting the damages awarded to the Solbergs by a total of $27,527.63, the trial court's decision is modified to provide the Solbergs' with an award of damages in the amount of $79,992.44. In all other respects, the trial court's decision in regards to the amount of damages awarded to the Solbergs is affirmed.

{¶ 22} Assignment of Error No. 3:

{¶ 23} THE TRIAL COURT'S DECISION WAS NOT A FINAL APPEALABLE ORDER.

{¶ 24} Assignment of Error No. 4:

{¶ 25} THE TRIAL COURT ERRED IN NOT ADDRESSING APPELLANT'S CONVERSION CLAIMS.

{¶ 26} In her third and fourth assignments of error, Frisby argues the trial court's decision was not a final appealable order since the trial court failed to address her claims alleging conversion on the part of the Solbergs. However, as the trial court properly found, the parties entered into a partnership that created liens on the disputed property "for monies owed pursuant to the partnership agreement, which [Frisby] has refused to pay." The record also indicates that much of the property Frisby claims was converted was actually titled to the Solbergs, not Frisby. Given these facts, we find this negates any conversion claim Frisby may have had against the Solbergs. In so holding, we note that the trial court specifically stated as part of its decision that "[a]ll matters" between the parties had been resolved. Therefore, although not explicit, we find the trial court's decision was a final appealable order that denied, at least implicitly, Frisby's conversion claims. Accordingly, Frisby's third and fourth assignments of error are without merit and overruled.

{¶ 27} Judgment affirmed as modified.

M. POWELL, P.J., and PIPER, J., concur.