[Cite as *Havens v. Havens*, 2022-Ohio-3103.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

|  |  |  |  |
|---|---|---|---|
| VERNON LEE HAVENS II, | : | | |
| Appellant, | : | | CASE NO. CA2022-01-002 |
| | : | | O P I N I O N |
| - vs - | | | 9/6/2022 |
| | : | | |
| DEBORAH K. HAVENS, et al., | : | | |
| Appellees. | : | | |

CIVIL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. PC 20200199A

Vernon Lee Havens II, pro se.

Jess C. Weade, for appellees.

**PIPER, J.**

{¶ 1}   Appellant, Vernon Havens, appeals the decision of the Fayette County Court of Common Pleas, Probate Division, granting summary judgment on the claims set forth in his pro se complaint.

{¶ 2}   This is a dispute between appellant and certain family members concerning assistance he claims to have provided his sister, Christine Havens, during her lifetime.

According to appellant, he provided a vehicle and financial assistance to Christine over a period of approximately 20 years and now claims that he had an oral contract with her to repay that assistance "upon the debtor's terminal condition."[1]

{¶ 3} Christine died intestate on April 9, 2017. Christine's sole heir was her incompetent adult son, Charles Ball. Appellant asserts that the financial assistance he provided to Christine should have been repaid to him upon her death.[2] He also maintains that prior to Christine's death, his siblings, Deborah Havens, Stephen Havens, and Tammy Ruth ("appellees"), either separately or in some combination, claimed to be Christine's attorneys-in-fact pursuant to a power of attorney ("POA") and depleted Christine's assets. During this time, appellant claims that appellees prevented him from contacting Christine to arrange payment of his outstanding claims and that they refused to pay him for what Christine allegedly owed him.

{¶ 4} On July 3, 2017, appellant filed a pro se complaint in the Washington Court House Municipal Court against appellees alleging claims for conversion, fraud, breach of fiduciary duty, misappropriation, duress, undue influence, tortious interference on inheritance and just repayment of debt. Appellees moved to dismiss the complaint for lack of subject-matter jurisdiction because appellant sought an accounting of Christine's estate assets and also challenged the use of the POA, which are issues within the exclusive jurisdiction of the probate court. The municipal court granted the motion to dismiss, which this court affirmed. *Havens v. Havens*, 12th Dist. Fayette No. CA2018-05-006, 2018-Ohio-

---

1. In his initial complaint under the section titled "Background," appellant states that he was the "only sibling" to substantially contribute to Christine's "financial maintenance" over approximately 20 years. He claims to have provided her with resources for "infant formula and home heating fuel to gasoline" along with furniture and other expenses.

2. Yet, appellant also claims to have requested payment from appellees prior to Christine's death. Along these same lines, appellant stated that he expressed concerns about preserving Christine's "meager assets" because of the possibility that Medicaid could assert a claim against her estate, raising issues about appellant's potential motivations.

4721.

{¶ 5} On January 21, 2021, appellant filed a complaint against appellees in probate court. In two subsequent entries, the probate court found that appellant's complaint did not comply with Civ.R. 8 and Civ.R. 10 and ordered him to file amended complaints. Appellant filed his second amended complaint on November 24, 2021. When ordered to clarify his causes of action, appellant listed:

> Tortious interference with contract; tortious interference with expected inheritance; fraudulent and tortious misrepresentation of power of attorney and agent authority; power of attorney and fiduciary nonfeasance, malfeasance, & misfeasance; exploitation of an incapacitated and mentally ill person; exerting undue influence to exploit an incapacitated and mentally ill person; fraudulent conversion, misappropriation, and inter vivos transfers of an incapacitated and mentally ill person's assets, or otherwise; demand for return of unlawfully converted and misappropriated assets; demand for compensation with penalties for injurious tortious fraud; tortious failure to comply with R.C. 2108.81, right of disposition, (A)(1) & (B)(4), and demand for relief thereto.

{¶ 6} Both sides filed motions for summary judgment and judgment on the pleadings. On January 4, 2022, the probate court granted summary judgment in favor of appellees. In so doing, the probate court took judicial notice of the pleadings and filings and found:

> 1) Decedent, Christine Havens, died on April 9, 2017 domiciled in Fayette County, Ohio.
>
> 2) Decedent died intestate.
>
> 3) Plaintiff [Appellant herein] filed this action as an individual on January 21, 2021.
>
> 4) Plaintiff was appointed as the administrator of the Estate of Christine Havens on July 19, 2021.
>
> 5) Plaintiff, as Administrator of the estate of Christine Havens, filed an Inventory with the Probate Court indicating that the estate had no assets, which Inventory was approved by the Court on December 29, 2021.

- 3 -

Based upon those findings, the probate court determined:

> By the statute of descent and distribution R.C. 2105.06(A), Decedent, Christine Havens' sole heir is her adult son, Charles Holden Ball. Charles Holden Ball is apparently under a guardianship in Franklin County, Ohio.
>
> Any claims which Plaintiff, Vernon Havens II, may have had against the estate of Christine Havens as a creditor are barred as having not been timely made pursuant to R.C. 2117.06.
>
> Plaintiff's claims as set forth, in his Third Complaint against the Estate of Christine Havens, are not contingent claims following the death of Christine Havens. If in fact they were contingent claims they were no longer contingent following her death.
>
> Plaintiff has failed to set forth what, if any, damages he incurred as a result of any alleged claims regarding the alleged power of attorney.
>
> Plaintiff's claims against decedent were required to be filed against the estate in a timely fashion. Service of notice of a claim against an alleged or actual power of attorney, prior to the decedent's demise, do not constitute a valid presentation of the claim against decedent's estate.
>
> By law, the power to control disposition of decedent's remains are directed by R.C. 2108.81. Pursuant to the statute, Plaintiff and all of the decedent's siblings would collectively share the right to disposition. If they could not collectively agree, then R.C. 2108.82 allows the Probate Court to assign the right of disposition. No action was filed with the Probate Court to assign that right.
>
> Even if Plaintiff could establish that fraudulent transfers of decedent's property occurred prior to her death the Plaintiff was not damaged as a result of said transfers due to his failure to present a timely claim to the Estate of Christine Havens and due to the fact that he is not the heir to Christine Havens' Estate.

{¶ 7} After concluding that reasonable minds could come to but one conclusion and that conclusion being adverse to appellant, the probate court granted summary judgment

- 4 -

in favor of appellees.[3] Appellant timely appeals, raising five assignments of error for review.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT IMPROPERLY FAILED TO GRANT THE APPELLANT'S MOTION FOR SUMMARY JUDGMENT OF 02/19/2021.

{¶ 10} Assignment of Error No. 2:

{¶ 11} THE TRIAL COURT IMPROPERLY DISMISSED THE APPELLANT'S MOTION FOR SUMMARY JUDGMENT OF 02/19/2021 WITH ANIMUS & BIAS.

{¶ 12} Assignment of Error No. 3:

{¶ 13} THE TRIAL COURT IMPROPERLY DISMISSED THE APPELLANT'S COMPLAINT BASED ON A WRONGFUL ASSERTION THAT 'PLAINTIFF HAS FAILED TO SET FORTH WHAT, IF ANY, DAMAGES HE INCURRED…'

{¶ 14} Assignment of Error No. 4:

{¶ 15} THE TRIAL COURT IMPROPERLY DISMISSED THE APPELLANT'S COMPLAINT BASED ON ITS WRONGFUL CONCLUSION THAT, 'IF IN FACT THEY WERE CONTINGENT CLAIMS THEY WERE NO LONGER CONTINGENT FOLLOWING HER DEATH.'

{¶ 16} Assignment of Error No. 5:

{¶ 17} THE TRIAL COURT IMPROPERLY DISMISSED THE APPELLANT'S COMPLAINT BASED ON ITS WRONGFUL APPLICATION OF ITS WRONGFUL DETERMINATION OF CONTINGENCY OF A CLAIM, TO OTHER CLAIMS NOT DEPENDENT UPON CONTINGENCY.

{¶ 18} Because we find no err in the proceedings below, we will address appellant's

---

3. After granting summary judgment, the probate court stated that it was also granting appellees' motion for judgment on the pleadings. Review of the relevant entry below makes clear that the probate court conducted a summary judgment analysis and therefore may have inadvertently or mistakenly included additional reference to the other pending motion. This does not ultimately impact our ruling or consideration of operative facts in this appeal, as reference to the other pending motion was at most harmless error.

assignments of error together. In addressing appellant's arguments, we are mindful that he has represented himself throughout this process. However, pro se litigants are held to the same standard as litigants who are represented by counsel. *Holmes v. Cobblestone Grove*, 12th Dist. Butler No. CA2016-04-075, 2017-Ohio-55, ¶ 21. As a result, pro se litigants are presumed to have knowledge of the law and correct legal procedures so that they remain subject to the same rules and procedures to which represented litigants are bound. *Sparks v. Sparks*, 12th Dist. Warren No. CA2015-10-095, 2016-Ohio-2896, ¶ 6. In other words, "[p]ro se litigants are not to be accorded greater rights and must accept the results of their own mistakes and errors, including those related to correct legal procedure." *Cox v. Zimmerman*, 12th Dist. Clermont No. CA2011-03-022, 2012-Ohio-226, ¶ 21.

**{¶ 19}** This court reviews summary judgment decisions de novo, which means we review the trial court's judgment independently and without deference to the trial court's determinations, using the same standard in our review that the trial court should have employed. *Ludwigsen v. Lakeside Plaza, L.L.C.*, 12th Dist. Madison No. CA2014-03-008, 2014-Ohio-5493, ¶ 8. Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion which is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-70 (1998).

**{¶ 20}** Pursuant to R.C. 2117.06(A), "[a]ll creditors having claims against an estate, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated, shall present their claims" in accordance with the requirements in R.C. 2117.06. That provision states that "all claims shall be presented within six months after the death of the decedent, whether or not the estate is released from administration or an executor or administrator is appointed

during that six-month period." R.C. 2117.06(B). "[A] claim that is not presented within six months after the death of the decedent shall be forever barred * * *." R.C. 2117.06(C); *Embassy Healthcare v. Bell*, 155 Ohio St.3d 430, 2018-Ohio-4912, ¶ 8.

{¶ 21} We have thoroughly reviewed the record and find the probate court did not err by granting summary judgment in favor of the appellees. In this case, appellant claims he made financial contributions on Christine's behalf that should be repaid. He asserts that the arrangement during Christine's lifetime was an oral contract for financial assistance. Despite the uncertainty and confusion in appellant's pleadings, the record reflects that even if he did have an oral contract or claim against Christine's estate, he failed to timely present it within the necessary period.[4] Here, the record shows that Christine died in April 2017 and appellant failed to present his claim within six months of her death. Thus, pursuant to R.C. 2117.06(C), appellant's claim is "forever barred."

{¶ 22} On appeal, appellant argues that his claim was a contingent claim, which would extend the time to make a claim on the estate. *See* R.C. 2117.37. However, "[a] contingent claim is one in which the liability thereon is dependent upon some uncertain future event which may or may not occur." *Dibert v. Watson*, 3d Dist. Logan No. 8-09-02, 2009-Ohio-2098, ¶ 12, citing *Pierce v. Johnson*, 136 Ohio St. 95, 98 (1939). In this case, appellant did not present a contingent claim. He alleged that he had provided financial assistance to Christine and her estate was responsible for that alleged debt. In no way did appellant present a contingent claim. *LCNB Natl. Bank v. Connaughton*, 12th Dist. Butler

---

4. In his initial complaint, appellant states that Christine "periodically acknowledged or commented that she did not know how she would be able to repay the [appellant] for his individual expenditures on her behalf," but that he asked her "to pay him back if and when she could, which she agreed to." By his second amended complaint, appellant claimed Christine "agreed to repay the [appellant] for his financial support of her when she could." Although we need not discuss it in detail, an enforceable oral contract demands the terms of the agreement be sufficiently particular and include all the essential elements for a contract. *Frisby v. Solberg*, 12th Dist. Butler No. CA2015-11-204, 2016-Ohio-7644, ¶ 9-10. Since this matter is appropriately disposed of through the untimeliness of the claim, we will not address probable deficiencies in the existence of the alleged oral contract.

No. CA2011-08-151, 2012-Ohio-4101, ¶ 10 (an unmatured claim is distinct from a contingent claim as a contingent claim is one in which there is a triggering event or some condition precedent for the debt to exist). This conclusion is further supported by appellant's conduct which he discusses in much detail in his multiple filings below. Therein, appellant claims to have demanded payment from appellees while Christine was in the hospital because he was concerned that other creditors, such as Medicaid, may have a claim to Christine's estate upon her death. He also filed similar claims against appellees in Municipal Court. In addition, at several points, appellant claimed that Christine said she would repay him "when she could." If the suggestion is that Christine is now deceased and therefore "able" to pay him now with any remaining funds, that position is clearly misguided. When Christine passed away, her remaining assets became part of her estate, to which appellant was not an heir. In an apparent attempt to bypass that reality, appellant claims that he had an oral contract with Christine and is entitled to funds from the estate even though he failed to file a claim within the necessary time period. Appellant's arguments are simply inconsistent with Ohio law. There was no contingency in this matter that would permit the extension of the time limitation contained in R.C. 2117.37. Furthermore, any other argument that he raises or attempts to raise in this case against appellees, i.e., regarding allegations of fraud and undue influence are simply derivative and extinguished because he failed to timely present his supposed claim. He also cannot show any prejudice, as the probate court correctly determined that Christine died intestate, her sole heir was her son, and that appellant was not an heir of Christine's estate. R.C. 2105.06(A).

{¶ 23} Throughout his brief, appellant attacks the validity and regularity of the proceedings below, claiming the probate court acted with animus and was biased against him, refused to timely rule on his motions, failed to grant his motion for summary judgment, and improperly requested that he file amended complaints specifying his claims in better

detail. However, his arguments ignore the fact that the claims he raises in his complaint are scattered, inarticulate, and fail to set forth any coherent theory of liability. Moreover, appellant cannot claim to be prejudiced by any action or inaction in the proceedings below because his claims are clearly barred by application of R.C 2117.06. Accordingly, we find the probate court did not err in granting summary judgment in favor of appellees. Appellant's five assignments of error are overruled.

**{¶ 24}** Judgment affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.