[Cite as *Reyes v. Kiwewa*, 2024-Ohio-4524.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| JOSE REYES, | : | |
| | | CASE NOS. CA2023-08-096 |
| Appellee, | : | CA2023-09-099 |
| | : | O P I N I O N |
| - vs - | | 9/16/2024 |
| | : | |
| WILLY KIWEWA, | : | |
| Appellant. | : | |

CIVIL APPEAL FROM BUTLER COUNTY AREA III COURT
Case No. CVI2201250

Jose Reyes, pro se.

Willy Kiwewa, pro se.

**BYRNE, P.J.**

{¶ 1} Willy Kiwewa appeals from a decision of the Butler County Area III Court which granted a small claims judgment in favor of Jose Reyes. For the reasons described below, we affirm.

### I. Factual and Procedural Background

{¶ 2} In December 2022, Reyes filed a small claims complaint against Kiwewa in

the Butler County Area III court. Reyes alleged that Kiwewa hired him to complete four projects in Kiwewa's home and that he and Kiwewa had entered into an agreement on pricing for labor and specific materials. Reyes alleged that during the project, a dispute arose and Kiwewa refused him access to the home to complete the project. Reyes claimed that Kiwewa owed him $2,208.36 for the balance of labor, materials, travel time, and for a ladder that Kiwewa refused to allow him to retrieve. Kiwewa filed a "counterclaim," in which he asserted that he only owed Reyes $350.

{¶ 3} The matter proceeded to a hearing before a magistrate in February 2023. Kiwewa supplied a copy of the transcript of that hearing to this court. However, he did not supply a transcript of the magistrate's hearing to the trial court after submitting his objections to the magistrate's decision. For reasons that we will discuss later in this opinion, we have not considered the transcript in deciding this appeal.

## A. The Magistrate's Decision

{¶ 4} The magistrate, in his decision, found that in February 2022, Reyes and Kiwewa entered into an agreement for remodeling projects at Kiwewa's home, which included electric, plumbing, and lighting projects. The cost for Reyes' "work" (presumably labor) was $8,450 and Kiwewa was to pay for the materials.

{¶ 5} The magistrate found that Reyes performed most of the agreed work and Kiwewa made most of the payments to Reyes on the contract. However, the relationship "broke down" after the parties disagreed over,

> who was to pay for certain additional material, whether the parties had retained accurate records of how much had been paid and what was still owed, and whether Reyes should be paid for work that he had not yet completed after he was told by Kiwewa not to come back to his house.

{¶ 6} The magistrate noted that Reyes claimed that Kiwewa told him not to come

- 2 -

back to the home though Reyes was willing to finish the job. Kiwewa disputed this, asserting that Reyes refused to finish the work unless he was paid the balance of what he claimed he was owed. Kiwewa testified that he hired another person to finish the work for $900.

{¶ 7} The magistrate also noted that at trial, Reyes claimed that he was owed the balance on the contract price, which was $1,728.38. Also during trial, Reyes abandoned his claim for compensation for the ladder.

{¶ 8} Kiwewa agreed that he would have owed Reyes $1,723.38 had Reyes finished the work. But Kiwewa thought he was justified in not wanting Reyes to finish the work until the issue of reimbursement for certain materials was resolved.

{¶ 9} The magistrate found that Kiwewa agreed to pay Reyes $8,450 and that Kiwewa had paid $7,200, leaving a difference of $1,250. Kiwewa had to pay someone else $900 to finish the contracted work. The magistrate noted that the difference between $1,250 and $900 ($350) was the amount Kiwewa believed he owed Reyes.

{¶ 10} The magistrate found that from the evidence presented, it was "difficult" to determine whether Kiwewa was justified in refusing to allow Reyes to finish the work. However, the magistrate nonetheless found that Reyes remained willing to finish the work and even made two unnecessary trips of 45 minutes each way to do so, and that it was not Reyes' fault that Kiwewa chose to hire someone else to finish the work.

{¶ 11} On this basis, the magistrate found that Reyes was entitled to be paid $1,250, the remaining balance on the contract price. However, the magistrate noted that Reyes had introduced an exhibit demonstrating that he purchased $478.38 in certain materials for the project and still possessed those materials. The magistrate found that the cost of those materials was intended to be included in the $1,250 balance that Reyes

believed he was owed from Kiwewa.  Accordingly, the magistrate deducted $478.38 from the balance of $1,250 and found that Kiwewa owed Reyes $771.62 in damages.  The magistrate recommended judgment in favor of Reyes in that amount and dismissed Reyes' counterclaim.

**B. Objections and the Trial Court's Decision**

{¶ 12} On March 9, 2023, Kiwewa objected to the magistrate's decision.  In his objections, Kiwewa argued that the contractual dispute was Reyes' fault.  He claimed that prior to the filing of the lawsuit, Reyes was demanding to be paid more than he was entitled under the contract.  Kiwewa also argued that the two "unnecessary" trips that Reyes made to his property occurred before the conflict arose and involved some timing issues with other contractors on the property.[1]  Finally, Kiwewa argued that he invited Reyes to complete the work, and asked him to give him an estimate on the costs to finish the work, but Reyes would not give him an estimate and instead told him not to contact him in the future.  Kiwewa claimed that he attempted to resolve the issue with Reyes but Reyes would not compromise and then refused to finish the work.

{¶ 13} Also on March 9, 2023, Kiwewa filed a request for a transcript in support of his objections.  A notation on this filing indicates that someone (presumably the clerk) notified Kiwewa that this form had not been "filled out" correctly and that Kiwewa had stated he would correct the form the following Monday.  The form appears to request the transcript of a May 2023 hearing that had not yet occurred, which may have been the issue causing the clerk to reject the form.

{¶ 14} Apparently Kiwewa did not correct the form as he indicated he would.  But

---

1. Reyes asserted in his complaint that he was unable to timely complete some work because he was waiting on Kiwewa's other contractors to finish their portion of the project.

two months later, on May 10, 2023, Kiwewa filed a second transcript request. This form requested the preparation of the transcript of the February 2023 hearing before the magistrate. However, there is a notation on the filing indicating a $400 charge to prepare the transcript. The words "never contacted" and "No Transcript" appear after this notation. The notation seemingly implies that Kiwewa never paid for the transcript. Regardless of the meaning, no transcript was ever filed with the trial court.

{¶ 15} In July 2023, the trial court issued a decision overruling Kiwewa's objections and adopting the magistrate's decision "because" Kiwewa had "failed to file a transcript of the proceedings" in support of his objections, "and because the magistrate's conclusion [was] justified by his recitation of the facts." The trial court awarded judgment in favor of Reyes in the amount of $771.62 plus court costs and interest and dismissed Reyes' counterclaim.

{¶ 16} Kiwewa appealed, raising one assignment of error.

## II. Law and Analysis

{¶ 17} Kiwewa's sole assignment of error states:

> THE TRIAL COURT ERRED BY DENYING DEFENDANT'[S]
> OBJECTION FOR FAILING TO FILE A TRANSCRIPT OF
> THE PROCEEDINGS.

{¶ 18} Kiwewa's assignment of error indicates that the trial court erred in adopting the magistrate's decision because the trial court erroneously relied on Kiwewa's failure to file a transcript of the hearing before the magistrate. However, other than referring to the transcript in his assignment of error, Kiwewa does not present any argument concerning this issue in his appellate brief. Instead, Kiwewa's brief reiterates the arguments contained in his objections to the magistrate's decision. However, Kiwewa supports these arguments with reference to the transcript of the hearing before the magistrate, which,

- 5 -

again, he only filed for the first time in this appeal.

## A. Expectations of Pro Se Litigants

{¶ 19} Before addressing Kiwewa's assignment of error, we pause to note that Kiwewa represented himself pro se in the trial court as well as on appeal. "[P]ro se litigants are expected, as attorneys are, to abide by the relevant rules of procedure and substantive laws, regardless of their familiarity with the law." *Fontain v. H&R Cincy Properties, L.L.C.*, 2022-Ohio-1000, ¶ 26 (12th Dist.). "As a result, pro se litigants are presumed to have knowledge of the law and correct legal procedures so that they remain subject to the same rules and procedures to which represented litigants are bound." *Havens v. Havens*, 2022-Ohio-3103, ¶ 18 (12th Dist.). "In other words, '[p]ro se litigants are not to be accorded greater rights and must accept the results of their own mistakes and errors, including those related to correct legal procedure.'" *Perelman v. Meade*, 2021-Ohio-4247, ¶ 22 (12th Dist.), quoting *Cox v. Zimmerman*, 2012-Ohio-226, ¶ 21 (12th Dist.).

## B. Failure to Support Objections with Transcript

{¶ 20} Civ.R. 53(D)(3)(b)(iii) provides that when a party objects to a factual finding in a magistrate's decision, the objection "*shall* be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." (Emphasis added.) We have previously recognized the mandatory nature of this requirement. *Levy v. Seiber*, 2016-Ohio-68, ¶ 17 (12th Dist.) ("A party's objection to a magistrate's factual finding must be supported with a transcript or an affidavit of the evidence submitted to the magistrate."), citing Civ.R. 53(D)(3)(b)(iii).

{¶ 21} Civ.R. 53(D)(4)(d) provides that a trial court "shall" rule on objections to a

magistrate's decision that are timely filed. It further states that "In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). However, when an objecting party fails to timely file a transcript or affidavit, "a trial court's independent review of the record is limited to an examination of the magistrate's conclusions of law and recommendations in light of any accompanying findings of fact." *Levy* at ¶ 18, citing *Manninen v. Alvarez*, 2014-Ohio-75, ¶ 21 (12th Dist.). Furthermore, when an objecting party fails to file a transcript or affidavit of evidence with the trial court but filed the transcript with the appellate court, "the appellate court is precluded from considering the transcript of the magistrate's hearing . . . ." *Id.* citing *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730 (1995); *Singh v. Wadhwa*, 2013-Ohio-3997, ¶ 20 (12th Dist.). In such a case, appellate review "regarding factual issues is whether the trial court abused its discretion in applying the law to the magistrate's factual findings." *Id.*

**{¶ 22}** As stated above, Kiwewa did not supply the trial court with a transcript of the proceedings before the magistrate or an "affidavit of that evidence." But Kiwewa's objections to the magistrate's decision as well as his reiterated arguments on appeal challenge the factual findings of the magistrate and do not point to any legal errors. That is, Kiwewa argues that the magistrate erred in finding that Reyes was willing and able to complete his contracted work on the project and that Kiwewa wrongfully refused to allow Reyes to complete the work. Kiwewa also argues that it was Reyes' improper calculation of what was owed to him (and not Kiwewa's conduct), which led to the dispute.

**{¶ 23}** We find no error based upon our review. As stated above, Kiwewa only presents factual arguments in this appeal, but we may not review such factual arguments

due to Kiwewa's failure to file with the trial court a transcript of the hearing before the magistrate, or an affidavit of that evidence. *Levy*, 2016-Ohio-68 at ¶ 18. Otherwise, it appears that the magistrate correctly applied the facts recited in the decision to the law. The magistrate found that Reyes was contractually entitled to finish the project and thus was entitled to the remainder of the contract price, minus costs for materials that Reyes had included in the contract price and had not supplied to Kiwewa. Upon review, there is nothing on the face of the magistrate's decision that would rise to the level of an abuse of discretion. *Id.* We therefore overrule Kiwewa's sole assignment of error.

{¶ 24} Judgment affirmed.

HENDRICKSON and M. POWELL, JJ., concur.