[Cite as *Tipton v. Butler Cty. Dog Warden*, 2025-Ohio-5361.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| LEANDER TIPTON, | : | CASE NO. CA2025-03-030 |
| Appellant, | : | |
| vs. | : | OPINION AND JUDGMENT ENTRY 12/1/2025 |
| BUTLER COUNTY DOG WARDEN, | : | |
| Appellee. | : | |
| | : | |

CIVIL APPEAL FROM BUTLER COUNTY AREA II COURT
Case No. CVH2300825

LeAnder Tipton, pro se.

Michael T. Gmoser, Butler County Prosecuting Attorney, and Kevin J. Gerrity, Assistant Prosecuting Attorney, for appellee.

## **O P I N I O N**

**BYRNE, P.J.**

{¶ 1} LeAnder Tipton appeals from a decision of the Butler County Area II Court which affirmed the Butler County Dog Warden's designation of Tipton's dog as a

"dangerous dog."[1] For the reasons described below, we affirm the area court's decision.

## I. Factual and Procedural Background

{¶ 2}    On October 4, 2023, the Butler County Dog Warden designated Tipton's dog, T'Challa, as a dangerous dog under R.C. 955.11(A)(1)(a) and R.C. 955.222. The dog warden imposed this designation based on an encounter between T'Challa and a home appraiser. On October 20, 2023, Tipton challenged the dog warden's designation to the Butler County Area II Court.

{¶ 3}    The matter proceeded to a hearing before a magistrate in August 2024. The magistrate issued factual findings and upheld the dog warden's designation. Tipton failed to supply a copy of the transcript of that hearing to the trial court but supplied one to this court on appeal. For reasons stated later in this opinion, we have not considered the transcript in this appeal and rely on the magistrate's factual findings.

## A. The Magistrate's Decision

{¶ 4}    The magistrate, in her August 14, 2024 decision, found that Tipton lived at 2695 John Jacobs Court, Hamilton, Ohio 45011, and bred bull mastiffs like T'Challa. Tipton kept T'Challa in his backyard, which shared a side fence line with a neighbor. In late September of 2023, Tipton's neighbor hired an appraiser, Evan Cunnigham, to appraise the neighbor's house. On that same day, Tipton's mother-in-law, Glenda Conrad, was in Tipton's home, watching Tipton's children. Both Cunningham and Conrad testified at trial before the magistrate.

{¶ 5}    According to the magistrate's factual findings, Cunningham testified that T'Challa barked at him while he took pictures in the neighbor's backyard. Cunningham further testified that after taking his last picture of the neighbor's house near the fence

---

1. Butler County Area II Court is part of the county court district. In Butler County, the county court has been divided into three areas of separate jurisdiction (Areas I, II, and III). See R.C. 1907. 15.

line, he raised his hand at T'Challa and said, "Hey Buddy." Cunningham testified that T'Challa then stood up on his hind legs, swiftly reached over the fence and bit him at the palm of his hand. Immediately after, Cunningham left the premises and went to an urgent care center to have his wounds treated. Cunningham received stitches to his hand, which later became infected. The urgent care reported the dog bite to the Butler County Dog Warden.

{¶ 6} Next, according to the magistrate's factual findings, Conrad testified that she saw Cunningham in the neighbor's backyard for 10-15 minutes. She also testified that she watched Cunningham pace along the shared fence line while T'Challa barked at him near the fence. During that time, she did not see Cunningham tease or hit T'Challa.

{¶ 7} The magistrate explained that during the hearing Tipton denied that T'Challa was aggressive and hypothesized that Cunningham either provoked T'Challa or that T'Challa never actually bit Cunningham. Tipton argued that Cunningham was only trying to obtain insurance money.[2] However, the magistrate found that Tipton did not provide any evidence to support his allegations.

{¶ 8} In her decision, the magistrate acknowledged that T'Challa "ha[d] always been a gently, friendly dog" and had "never before been accused of biting or attacking anyone," but explained that this history did "not preclude the Court from making a finding that he is a dangerous dog…if an incident occurs [sic] from T'Challa's action." The magistrate found that Cunningham did not provoke T'Challa and that T'Challa bit Cunningham, which caused injury. On this basis, the magistrate upheld the dog warden's designation of T'Challa as a "dangerous dog" pursuant to R.C. 955.11(A)(1)(a)(i) and R.C. 955.222.

---

2. The magistrate did not clarify whether Tipton made these statements during witness testimony or during pro se argument.

**B. Tipton's Objections to the Trial Court's Decision**

{¶ 9} On August 28, 2024, Tipton objected to the magistrate's decision. In Tipton's objections, he essentially challenged the sufficiency and weight of the evidence. Tipton also challenged the credibility of the evidence, arguing that Cunningham's testimony at trial was inconsistent with his previous "testimony" to detectives and that Cunningham's testimony conflicted with Conrad's at trial. Tipton further implied that Cunningham had self-inflicted the wounds on his hand to get insurance money. As mentioned, Tipton did not provide the trial court with a transcript of the hearing before the magistrate.

{¶ 10} On February 13, 2025, the trial court issued a decision overruling Tipton's objections and adopting the magistrate's decision because "it [was] impossible [for the trial court] to evaluate [Tipton's] objections in the absence of a transcript of [the magistrate's] hearing." After the trial court's review of the magistrate's decision, the trial court did not see any error on the face of the decision and therefore adopted the magistrate's decision as its own and upheld the magistrate's designation of T'Challa as a dangerous dog. The trial court also held that Tipton would be required to comply with relevant Ohio law in keeping T'Challa as a "dangerous dog."

{¶ 11} Tipton appealed, pro se, raising what appear to be three assignments of error. For ease of analysis, we address the first and second assignments of error collectively.

## II. Law and Analysis

### A. Expectations of Pro Se Litigants

{¶ 12} Before addressing Tipton's assignments of error, we pause to note that Tipton represented himself pro se in the trial court as well as on appeal. "[P]ro se litigants are expected, as attorneys are, to abide by the relevant rules of procedure and

- 4 -

substantive laws, regardless of their familiarity with the law." *Fontain v. H&R Cincy Properties, L.L.C.*, 2022-Ohio-1000, ¶ 26 (12th Dist.). "As a result, pro se litigants are presumed to have knowledge of the law and correct legal procedures so that they remain subject to the same rules and procedures to which represented litigants are bound." *Havens v. Havens*, 2022-Ohio-3103, ¶ 18 (12th Dist.). "In other words, '[p]ro se litigants are not to be accorded greater rights and must accept the results of their own mistakes and errors, including those related to correct legal procedure.'" *Perelman v. Meade*, 2021-Ohio-4247, ¶ 22 (12th Dist.), quoting *Cox v. Zimmerman*, 2012-Ohio-226, ¶ 21 (12th Dist.).

### B. Tipton's Failure to Support Objections with Transcript

{¶ 13} Civ.R. 53(D)(3)(b)(iii) provides that when a party objects to a factual finding in a magistrate's decision, the objection "*shall* be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding *or* an affidavit of that evidence if a transcript is not available." (Emphasis added.) This court has continuously recognized the mandatory nature of providing the transcript or affidavit of evidence to the trial court. *See Reyes v. Kiwewa*, 2024-Ohio-4524, ¶ 20 (12th Dist.), citing *Levy v. Seiber*, 2016-Ohio-68, ¶ 17 (12th Dist.); *Singh v. Wadhwa*, 2013-Ohio-3997, ¶ 13 (12th Dist.).

{¶ 14} Civ.R. 53(D)(4)(d) states that when a party's objections have been timely filed, the court "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). But without the transcript or affidavit of evidence, the trial court's "independent review of the record is *limited* to an examination of the magistrate's conclusions of law and recommendations in light of any accompanying findings of fact." (Emphasis added.) *Levy* at ¶ 18, citing *Manninen v. Alvarez*, 2014-Ohio-75, ¶ 21 (12th Dist.).

{¶ 15} Moreover, when a party fails to file a transcript or affidavit of evidence with the trial court, "'the appellate court is *precluded* from considering the transcript of the magistrate's hearing,'" even if the party filed the transcript with the appellate court. (Emphasis added.) *Reyes* at ¶ 21, citing *Levy* at ¶ 18; *Singh* at ¶ 20. Under such circumstances, "appellate review 'regarding factual issues is whether the trial court abused its discretion in applying the law to the magistrate's factual findings.'" *Reyes* at ¶ 21, quoting *Levy at* ¶ 18.

{¶ 16} As stated previously, Tipton did not provide the trial court with a transcript of the proceedings before the magistrate, nor did he provide an affidavit of evidence. Therefore, we cannot consider the transcript that he filed in this court. *Reyes* at ¶ 21.

{¶ 17} Tipton's first and second assignments of error argue that the trial court erred in not finding that Cunningham provoked T'Challa and in finding Cunningham's testimony and corroborating evidence credible.[3]

{¶ 18} Tipton's objections to the magistrate's decision as well as his arguments on appeal appear to challenge the sufficiency and weight of the evidence. He also argues that even if there was enough evidence presented, it was not credible.

### 1. Review of the Trial Court's Adoption of the Magistrate's Decision

{¶ 19} As relevant here, the Ohio Revised Code provides that a dangerous dog is "a dog that, *without provocation* . . ." has "[c]aused injury, other than killing or serious injury, to any person . . ." (Emphasis added.) R.C. 955.11(A)(1)(a)(i). "'Without provocation' means that a dog was not teased, tormented, or abused by a person, or that the dog was not coming to the aid or defense of a person who was not engaged in illegal

---

3 Tipton also states, "I was unaware that transcripts were required for my objection." We note that the magistrate informed Tipton of this requirement in language written in all capital letters, in bold font, on page 4 of the magistrate's August 14, 2024 decision.

or criminal activity and who was not using the dog as a means of carrying out such activity." R.C. 955.11(A)(7). To tease means "'to annoy or to trouble or worry persistently, to be troublesome or to pester.'" *Tate v. Butler Cty. Dog Warden*, 2024-Ohio-4732, ¶ 15 (12th Dist.) quoting *Montoney v. Delaware Cty. Dog Warden*, 2023-Ohio-2238, ¶ 15 (5th Dist.). To torment means "'conduct which provokes a greater annoyance and implies some torture or pain.'" *Tate* at ¶ 15, quoting *Denman v. Carroll Cty. Dog Warden*, 2022-Ohio-2081, ¶ 12 (7th Dist.). To abuse means "'mistreatment which includes some physical injury or pain to the animal.'" *Tate* at ¶ 15, quoting *Ali v. Lucas Cty. Dog Warden*, 2017-Ohio-2809, ¶ 12 (6th Dist.).

{¶ 20} The magistrate, in her decision, found that the dog warden proved "by clear and convincing evidence" that "T'Challa was not provoked and that the dog bit Cunningham" which caused him injury. Upon this court's review, the magistrate's decision clearly indicated that the magistrate reviewed the evidence, and recognized that "the definitions of tease, torment, and abuse [did] not apply to the situation in this case." The court found no error in the magistrate's decision.

{¶ 21} We find no error in the trial court's adoption of the magistrate's decision. Because Tipton failed to file the transcript with the trial court as required by Civ.R. 53(D)(3)(b)(iii), we are prohibited from independently reviewing the transcript. However, our review of the magistrate's and trial court's decisions reveals that the magistrate properly applied the law to the facts recited in her decision, and the trial court properly adopted the magistrate's decision given Tipton's failure to file a transcript.

{¶ 22} Upon our review, we find no abuse of discretion in the trial court's adoption of the magistrate's decision. We therefore overrule Tipton's first two assignments of error.

### C. Tipton's Request to Afford Greater Statutory Protections for Individuals Who Allege Insurance Fraud

{¶ 23} In his third assignment of error, Tipton argues that our court should "adopt[] a higher standard for proving liability in dog bite cases, particularly where there is evidence of conflicting testimony." He requests we make other changes to the law, including "allowing all evidence especially those protected by HIPAA," "allowing" the police to conduct an investigation "to be able to corroborate evidence to support claims being made," and allowing "access to experts that can evaluate testimony by looking at evidence of dog bites solely when insurance claims are involved."[4]

{¶ 24} In effect, Tipton asks us to change statutes and rules of procedure to the extent they apply to dangerous dog designation cases. We are unable to change the law as requested by Tipton because of the Ohio Constitution's language regarding separation of powers.

{¶ 25} "Like the federal Constitution, the Ohio Constitution creates a system of separation of powers." *TWISM Ent., L.L.C. v. State Bd. of Registration for Professional Eng. and Surveyors*, 2022-Ohio-4677, ¶ 30. "The separation of powers is designed to preserve the liberty of all people." *Id.* at ¶ 31. Without the separation of powers, "there can be no liberty . . . if the power of judging, be not separated from the legislative and executive powers." *Id.* Each branch of government "can exercise such power and such only, as falls within the scope of delegation." *Id.* at ¶ 32.

{¶ 26} Article II of the Ohio Constitution states that the "legislative power of the state shall be vested in a General Assembly . . . but the people reserve to themselves the power to propose to the General Assembly laws and amendments to the constitution, and to adopt or reject the same at the polls on a referendum vote . . ." Ohio Const., art. II, § 1. Thus, the legislative power is vested in both the General Assembly and "the people."

---

4. Tipton does not explain why some of these requests are relevant to this case, or why he could not have taken advantage of existing evidence rules to, for example, retain an expert witness.

The Ohio Constitution includes no provision granting judicial power to the General Assembly or "the people."

{¶ 27} Article IV of the Ohio Constitution, on the other hand, states that courts, including the courts of appeals, are vested with the "judicial power." Ohio Const., art. IV, § 1. The "judicial power" includes the authority to interpret and apply statutes, but not to make the law. *TWISM* at ¶ 33; *Erickson v. Morrison*, 2021-Ohio-746, ¶ 34. The Ohio Constitution includes no provision granting legislative power to the courts.

{¶ 28} The Ohio Constitution does grant the ability to issue and amend rules of practice and procedure in Ohio courts to the Supreme Court of Ohio, subject to possible disapproval by the General Assembly. Ohio Const., art. IV, § 5(B). But this power is vested only in the Supreme Court of Ohio, not in the district courts of appeal.

{¶ 29} Consistent with the Ohio Constitution and with bedrock constitutional principles, this court cannot change statues or rules of practice and procedure. *See* Ohio Const., art. II, § 1; Ohio Const., art. IV, § 1; Ohio Const., art. IV, § 5(B). We therefore overrule Tipton's third assignment of error.

{¶ 30} Judgment affirmed.

PIPER and SIEBERT, JJ., concur.

## J U D G M E N T   E N T R Y

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Butler County Area II Court for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Matthew R. Byrne, Presiding Judge

/s/ Robin N. Piper, Judge

/s/ Melena S. Siebert, Judge